### No. 740.—THE STATE OF LOUISIANA v. ERNEST M. FERRAY

The capacity of a sheriff, duly commissioned and acting as such, can not be tested or inquired into collaterally on a motion to quash a venire of jurors. 21 An. 543.

In th s case the petit jury was regularly drawn, and a list thereof was served on the accused three days before the trial. On the day of the trial, when the jurors were called, it appeared that six or seven of the number had not been found by the sheriff, after diligent search, and that those who failed to answer to their names had been legally excused for good and valid cause shown: Held—That a sufficient number, from among the bystanders, to fill out the panel, were properly summoned as talesmen.

The statute of 1868, relative to juries in all the parishes of the State, except that of the parish of Orleans, repealed all former statutes on that subject, whether of a general or local character Acts of 1868, No. 110, page 143.

APPEAL from the District Court, parish of St. Landry. *King*, J. *George W. Hudspeth*, District Attorney, for the State. *Henry L. Garland*, for defendant and appellant.

HOWE, J. The accused in this case was indicted for murder, was tried and found "guilty without capital punishment," and, having been sentenced to imprisonment at hard labor for the term of his natural life, has appealed.

The objections to certain testimony admitted by the judge *a quo* have been abandoned, and a plea in bar founded on an alleged repeal of the statute relative to murder will not, we premise, be insisted on since the recent decision of this court in the case of State *v.* Brewer. 22 An. p. 273.

The remaining points made by the appellant arise from a challenge

to the array of jurors, and from objections to the manner of drawing talesmen.

*First*—On the first day of the term the defendant moved to quash the venire of jurors, on the ground that it was not drawn according to law, not having been drawn, selected, or summoned by James G. Hays, sheriff of the parish of St. Landry, but by James M. Thompson, (or his deputy or deputies,) styling himself sheriff of St. Landry.

The record teems with evidence that at the time the jury in question was selected and summoned by James M. Thompson, he was the sheriff *de facto* of the parish of St. Landry. He was in possession of the office. He was recognized by the judge *a quo*. He was the minister of the court in which the jurors were summoned to appear, and to which the bill of indictment was reported. He was thus acting under color of title, under a commission from the Governor of the State, and it can not be successfully contended that his legal right to the office can be collaterally inquired into or attacked upon a motion to quash a venire of jurors. The rule in this regard is elementary, and hardly requires a citation of authorities in its support. It is a rule established in the interest of peace, quiet and good order, and we are unable to perceive any reason why the prisoner should not be held amenable to it. Turner *v.* Hill, 21 An. 543, and cases there cited.

*Second*—The appellant objected to the organization of the petit jury by whom he was tried, on the ground that at the time it was impanneled certain persons who had been summoned did not answer to their names, and the judge *a quo* ordered a sufficient number of talesmen from the bystanders to complete the jury. It appears by the bill of exceptions that the objection was overruled, "for the reason that a list of jurors had been properly served on the prisoner three days before the trial, according to law; that six or seven of the above jurors had not been found in the parish by the sheriff after diligent search, and that the remainder (of those who did not answer to their names) had been excused for good and valid reasons; that the prisoner was not entitled to have a special' venire summoned, but that a sufficient number were to be selected from the bystanders; and that the prisoner had no ground of complaint, as he had accepted ten jurors before the regular panel was exhausted."

We do not think the court erred in this ruling. It is sometimes necessary for the speedy and proper administration of justice that talesmen should be resorted to, and the reasons which appear by the bill of exceptions to have been given by the judge *a quo* seem to entirely sustain his action in the premises.

It is contended by the counsel of the appellant that the statute of March 3, 1860, relative to the drawing of jurors in the parish of St. Landry, is still in force and ought to have controlled this case; and that, as its provisions were not complied with, the jury was unlawful.

We find ourselves unable to assent to this view. The statute in question was a local one, adapted to a state of society and a qualification of citizenship which no longer exist, and the mode of procedure in. case of the panel being exhausted was founded upon the same condition of things. The statute was evidently repealed by the law of 1868, relative to juries in all the parishes of the State, save the parish of Orleans, by the fifth section of which the use of talesmen is specially recognized and their compensation established. Laws of 1868, p. 143.

Judgment affirmed.