State v. King.

## No. 152.—The State of Louisiana *v.* Jake King.

The accused was convicted of the crime of murder, and duly sentenced. Through his counsel, three bills of exception, were taken to the refusal of the judge to charge the jury as requested.

I.—The court was requested to charge the jury "that where all the circumstances of the killing are shown, it devolves on the State to show that the killing was malicious, to make it murder." Held—That this charge was well calculated to mislead the jury by its vagueness, and was properly refused.

II.—"That if the life of accused was not in danger, but he had a reasonable ground of believing that it was, at the time of the killing, he had a right to kill the deceased." Held—That this request, standing alone, as it does in the record, is erroneous as a legal proposition. That there are many instances in which a man may reasonably believe his own life in danger, without thereby acquiring the right to take the life of some one else. The charge was properly refused.

III.—"That if the accused had a reasonable ground to believe from appearances, that his life was then and there in danger, and killed the deceased to save his own life, he was justified, although not attacked." Held—That the right of self-defense, in America, is sufficiently extended without giving it such a latitude as is implied in this request, and the judge did not err in refusing the charge.

APPEAL from the District Court, parish of Caddo. *Levisee*, J. *James S. Ashton*, District Attorney, for the State. *J. H. Kilpatrick*, for defendant and appellant.

Howe, J. The accused in this case was convicted of the crime of murder, and duly sentenced, and has appealed.

Our attention is directed to three bills of exceptions to the refusal of the district judge to charge the jury, as requested by counsel for the defense.

*First*—The court was asked to charge the jury " that where all the circumstances of the killing are shown, it devolves on the State to show that the killing was malicious, to make it murder."

The court did not err in refusing this charge. It is not necessarily correct as a legal proposition, and is well calculated to mislead a jury by its vagueness. Where all the circumstances of a homicide are shown, the presumption of malice is often established, and the burden imposed on the accused of showing an alleviation, an excuse, or a justification. Russell on Crimes, vol. 1, p. 483.

*Second*—The court refused to charge "that if defendant's life was not in danger, but prisoner had a reasonable ground of believing that it was in danger at the time of the killing, he had a right to kill the deceased."

The court did not err in this refusal. We know nothing of the facts of the case, but must consider the requested instruction, standing alone as it does in the record, as an abstract proposition; and, as such, it is evidently erroneous. There are many instances in which a man may reasonably believe his own life to be in danger, without thereby acquiring the right to take the life of some one else.

*Third*—The court refused to charge " that if the defendant had a reasonable ground to believe, from appearances, that his life was then

and there in danger, and killed the deceased to save his own life, he is justified, although he was not then attacked;" and, in this refusal, the court did not err. The right of self-defense has been sufficiently extended in America, without giving it such a latitude as is implied in this request. Indeed, literally construed, the doctrine contended for by counsel would justify a burglar in killing the householder who was prepared by force to defend his property. But giving the request its most liberal construction, it is still an incorrect statement of the law. It is well settled that, to excuse a homicide by a plea of self-defense, the apprehensions of the accused must have been excited by an actual assault. 5 An. 490; 14 An. 827.

Judgment affirmed.