## No. 7891.

### STATE OF LOUISIANA vs. LOUIS COOPER.

In a trial for murder, the accused, after proving that the deceased had threatened his life should not be allowed to prove that they had a fight the day before the killing, for the purpose of showing to the jury the state of mind of the deceased towards him and the apprehensions he had that his life was exposed and the threats against it would be carried into execution.

APPEAL from the Ninth Judicial District Court, Rapides parish. *Blackman*, J.

E. G. Hunter, District Attorney, and J. C. Egan, Attorney-General, for the State.

M. Ryan, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J.   The defendant was indicted and tried for murder, and was convicted of manslaughter, and from the sentence of ten years' imprisonment at hard labor in the penitentiary he has appealed.

We have been favored with no oral argument nor brief by the counsel of the accused, but, from an examination of the record, we find that

the only matter for our consideration is the ruling of the judge *a quo* touching the admissibility of certain evidence offered by the defendant on the trial below, as presented by a bill of exceptions taken to such ruling. The bill of exceptions is as follows :

"Be it remembered, that on the trial of this cause, the defendant, Louis Cooper, having established by the testimony of Moses Rogers and one Cronan, that the deceased threatened to kill the accused on sight ; that he.would kill him before he slept ; that these threats were made on the day on which the deceased was killed, and communicated to the defendant. The prisoner then offered to prove, by the said witnesses, that the deceased and the defendant had a fight on the day before the killing in which defendant was badly hurt, so as to show to the jury the motives which actuated the deceased and the state of mind of deceased towards the accused and the apprehensions the prisoner entertained of deceased putting his threats into execution. The court refused to admit the testimony for the following reasons :

"I did not refuse the defendant the right to show that there was a previous difficulty, to wit: the day before the homicide, but refused to admit evidence as to the particulars of that difficulty, as it was not a part of or connected with the *res gestæ*. The State had proved the previous difficulty to show malice on the part of the accused, but no particulars connected with it."

Had the testimony been offered by the defendant to rebut the presumption of malice, sought to be established by the State, by proof of the previous difficulty, inasmuch as such proof had been made by the State for that avowed purpose, it would certainly have been competent for the defendant to have shown the particulars of that difficulty with a view of showing his justification and his freedom from malice. But a reference to the bill shows that this testimony was not offered for this purpose, but an entirely different one. And were it otherwise, we would not be warranted in remanding the case for another trial to enable the defendant, by such evidence, to rebut the presumption of malice, inasmuch as the jury, by their verdict of manslaughter, acquitted him of being instigated by malice, since the offense of which he was found guilty implies the absence of malice ; and, therefore, in a trial for manslaughter—and it is on that charge alone that the accused could be tried—the evidence would be inadmissible for the purpose mentioned. The testimony was not admissible for the purposes for which it was offered, as stated in the bill.

Evidence had already been admitted of the previous difficulty the day before. The defendant had also been permitted to prove the previous threats on the part of the deceased. Now the testimony rejected was not offered to prove some act at the time of the homicide on the

State vs. Cooper.

part of the deceased going to show that he, the deceased, intended to carry his threats into execution. And it is only the proof of some such positive act, tending to show such intention, or reasonably calculated to create the belief of such intention in the mind of the accused, that would justify the defendant in taking the life of the deceased. The testimony in question had no such object or purpose in view, and was not offered to prove any such act, and, therefore, was inadmissible, being wholly irrelevant. The right to resort to force, on the principle of self-defence, does not arise while the apprehended mischief exists in machination only.

People vs. McCloud, 1 Hill 377.

State vs. Bradley, 6 A. 554.

Nor does the mere belief that a person has formed a design to take the life of another justify such other in taking his life. Without some positive act on his part to excuse or justify killing him, it would amount to murder.

4 Iredell, 409.

1 East, 271.

We find no error in the proceedings.

The judgment of the lower Court is, therefore, affirmed with costs.