### No. 12,009.

### THE STATE OF LOUISIANA VS. HENRY DESROCHES.

#### CONFESSION.

In order that a confession may be proven it is not necessary to repeat the words. It is enough if the substance of the confession be given.

#### INTENT.

On the trial for the burglarious entry with intent to kill, evidence that the defendant shot the prosecuting witness, while in the act of committing the crime charged, is admissible as part of the *res gestæ.*

#### RES GESTÆ.

In case of alleged burglary the impulsive utterances of a member of the family, in the presence of the accused, and while he is in the act of committing the crime charged, as part of the *res gestæ,* is evidence.

State vs. Desroches.

NOT GROUND TO REVERSE.
The court permitted the, prosecuting officer to read the indictment to a witness to explain the charge. The case of the defendant was not thereby prejudiced.

APPEAL frem the Twenty-first Judicial District Court for the Parish of St. John the Baptist. *Rost, J.*

*M. J. Cunningham*, Attorney General, and *P. E. Edrington*, District Attorney (*A. E. Billings* of Counsel), for Plaintiff, Appellee.

*H. N. Gautier* for Defendant, Appellant.

Submitted on briefs December 21, 1895.
Opinion handed down January 6, 1896.
Rehearing refused February 24, 1896.

The opinion of the court was delivered by

BREAUX, J.   The defendant was indicted for, armed with a dangerous weapon, breaking and entering a dwelling house in the nighttime, with intent to steal, rob and kill.   The verdict was " Guilty, without capital punishment," and he was sentenced by the court to imprisonment at hard labor for the term of his natural life.

From the verdict and sentence he prosecutes this appeal.

There were five bills of exceptions reserved by the defendant during the trial, two upon substantially the same grounds.   The objection noted in the first of these bills of exceptions was to the testimony of a witness to prove the " intent," and subsequently, in the second bill the same objection, upon similar grounds to those overruled, was made to the comments of the prosecuting officer and to his reference to the testimony to which he had previously objected, and which had been admitted by the court over his objection.

The first bill taken during the trial was taken to the admission of the testimony of a deputy sheriff in regard to an alleged confession.

### PROOF OF A CONFESSION.

The court certifies that the witness said that he could not repeat verbatim all that the accused uttered, but that he could repeat the

substance of his utterances. While in order to be admissible such evidence must not be fragmentary portions of a conversation, not the less an exact recital of the words is not required. State vs. Hughes, 29 An. 514. The rule applying in case of the proof of confessions was complied with here by reproducing the substance of the confession. "It is enough if the substance be given." Wharton Crim. Ev., par. 688.

## INTENT.

The second and third bills for reasons already given are within the application of the same rule.

The trial judge admitted the testimony as part of the *res gestæ* to prove the intent to steal, rob and kill. The evidence of the prosecuting witness was that the accused attempted to kill him by shooting him.

The evidence of intent to kill was pertinent to the charge brought, and the prosecuting witness could testify to prove that intent: that he was actually shot while the defendant was in the act of committing the crime alleged.

The incidents immediately and directly associated with the act are part of the *res gestæ*, and as such are admissible to prove the intent.

That evidence is competent where offences are of a like sort or are closely connected, and the proof is pertinent and shows intent. Here, not only the offences are of a like sort and closely connected; the intent to kill was an element of the crime charged.

State vs. Vines, 34 An. 1079; Wharton Crim. Ev., Par. 31, 46, 262.

## RES GESTÆ.

The testimony of a State witness, the wife of the prosecuting witness, as to what her little daughter said at the time of the shooting was objected to as hearsay, and was admitted by the court as part of the *res gestæ*.

The witness stated, while the accused after breaking and entering the house was shooting her husband, that her little girl, who was in the room with her and the accused, said in presence of the accused: "That is Henry Desroches." The testimony was of the act speaking through a member of the family on the impulse of the moment. The utterance was contemporaneous with the commission of the act charged, and is inseparable from the incidents of the crime charged.

State of Louisiana vs. Jordan Horton, 33 An. 289, has direct bearing upon the case here, and the ruling finds support in the treatise of Mr. Wharton on the Law of Evidence, 9th Ed., par. 262.

### READING INDICTMENT TO A WITNESS.

Lastly, preliminarily to the examination of a witness, the District Attorney read to her that part of the indictment which charged the offence.

The defendant's counsel objected, the court states, for the reason that the prosecuting officer should have stated the contents in his own words.

The reading of part or the whole of an indictment to a witness, to let the witness know what the charge was, was not improper; the accused was not thereby prejudiced in his defence. The indictment, legal in form, contained no misleading averments.

This brings us to the end of our examination of the bills of exceptions. We leave the case convinced that the grounds upon which they were reserved find no support in law.

Therefore the judgment appealed from is affirmed.