Statement of the Case.
NIOHOLLS, O. J.
The defendant was indicted on the 10th of September, 1903, in the parish of Morehouse, for the murder of Frank Roberts. He was tried, convicted, and sentenced to the State Penitentiary for life, and he has appealed.
The first ground assigned for reversal is that the grand jury found and returned into court on Thursday, the 10th of September, 1903, the indictment on which the defendant was tried, and thereupon, over defendant’s objection, he was arraigned and the case set down for trial on Tuesday, the 16th of September, 1903; that defendant objected to the arraignment, and to the fixing of the trial, for the reason that the indictment had just been returned into court, and neither the accused nor his counsel had time to examine the indictment before arraignment.
The next ground assigned for reversal is that, before any evidence was introduced as to the corpus delicti, and any proof laid of the homicide, a witness upon the stand was permitted by the court, over objection made, to. detail a conversation which had taken place between the defendant and the deceased in Wilmot county, Ark., at a time assigned to be about 20 hours before the homicide, and that the witness, in detailing the conversation, gave only a part of the alleged conversation.
The judge states that the object sought to be elicited through the testimony was not the conversation, but a threat made at the time by the defendant against the deceased; that the witness stated that he distinctly remembered and could state all the defendant said on the occasion, and all that the deceased said, with the exception of one word, which he did not hear; that the statement was made by the defendant to the deceased on the evening before the- night, the homicide occurred. The judge states that the defendant had been confined in jail for two months or more, during which time he was represented by counsel, who made an application for a preliminary examination. The preliminary examination was not held, however, for the reason that, with. the consent of the district attorney, the matter was submitted on the evidence taken before the coroner. He had had ample opportunity to prepare for the defense. When defendant was arraigned, and objection was made thereto, the court stated that arraignment would be made without prejudice to any rights the defendant might have as to the indictment; the district attorney stating he would urge no objection to any motion he should desire to file on the ground that it came too late. As to the objection to the fixing of the case for trial, the court was satisfied that it was made for the purpose of delay, and that the defendant would have ample opportunity to secure the attendance of witnesses. Notwithstanding several days intervened, counsel did not offer or attempt to offer any objections to the indictment, and, when the case was called for trial, announced that defendant was ready. That no prejudice resulted from the action of the court was thus conclusively shown.
The next error assigned is that the court charged the jury, over defendant’s objection, that, after the state had made out its case, the burden of proof was on the defendant who set up the plea of self-defense to make good his plea.
The judge states that counsel was in error as to the charge of the court; that the court charged the jury, in substance, that if they should find that the state had proved that the defendant took the life of the person named in the indictment by violent means, under circumstances tending to show that he did it with malice, and which did not disclose, in their opinion, legal justification or excuse, the burden was on the defendant to establish his plea of self-defense, at least to the extent of creating a reasonable doubt in their minds as to whether he acted in self-defense or not.
The court had already given the usual charge, that the law presumed the defendant to be innocent until his guilt had been established, and that the burden of proof was on the state to establish his guilt to the sat *157 isfaction of the jury beyond a reasonable doubt, and charged finally that they should consider the case as a whole, and if, after weighing all the evidence, they should have a reasonable doubt as to any or all of the facts necessary to constitute the defendant’s guilt, or as to whether he acted in self-defense or not, they should return a verdict of acquittal.
The next error assigned is that the court refused to give to the jury two special charges asked for by the defendant—the first that if a man, though in no danger of serious harm, through fear, alarm, or cowardice, kill another under the impression that great bodily harm was about to be inflicted upon him, it was neither murder nor manslaughter, but self-defense, although it might appear afterwards that he was mistaken in this impression; “the second, that the maxim, ‘False in one thing, false in all,’ is a well-recognized principle in weighing evidence under the laws of Louisiana.”
Opinion.
We find no good ground for complaint in the fact that the defendant was arraigned upon the same day that the indictment was returned into court, and that the case was simultaneously fixed for trial.
Clark, in his work on Criminal Procedure (chapter 12, § 142), says there is nothing at all, unless there be statutory provisions in particular jurisdictions, to prevent the state from arraigning the defendant and putting him upon his trial at the same term at which the indictment is presented, or even on the same day, provided the defendant cannot show sufficient ground for a continuance; citing 1 Chitty, Crim. Law, 483; 2 Hale, P. C. 28, 29; 2 Inst. 568; 4 Inst. 164; 4 B. Comm. 351.
We are not called on in this case to accept that proposition thus broadly stated, for the arraignment herein made was subject to the right reserved to the defendant of urging any objection which greater delay would have afforded him. He did not avail himself of this privilege. On the contrary, he announced himself ready for trial when tlie case was called on the day for which it was assigned.
Under these circumstances, neither the arraignment nor the fixing of the case for trial can be reasonably objected to.
We do not think that defendant was in any way prejudiced by the simple fact itself, urged in his second bill of exception, that a witness was permitted, prior to any evidence having been introduced as to the homicide, to detail a conversation which had taken place the evening before the killing. The order in which testimony is adduced, if not shown to have been in some special way prejudicial, is a matter of not much consequence. The fact that the witness did not remember every word in the whole conversation was no ground for rejecting testimony ás to what he did recollect.
In this case the witness stated he remembered everything said by the accused on the occasion. State v. Thomas, 28 La. Ann. 827; State v. Madison, 47 La. Ann. 30, 16 South. 566; State v. Oliver, 43 La. Ann. 1003, 10 South. 201; State v. Vallery, 47 La. Ann. 182, 16 South. 745, 49 Am. St. Rep. 363; State v. Desroches, 48 La. Ann. 430, 19 South. 250; State v. Daniels, 49 La. Ann. 954, 22 South. 415; State v. Kellogg, 104 La. 588, 29 South. 285.
We do not think the charge of the court to the jury as to the burden of proof in the case furnishes ground for reversal. The charge, taken as a whole, was not objectionable. The special charges which defendant’s counsel requested the court to give to the jury were properly refused.
There is nothing in defendant’s bill of exception relative to the maxim, “Falsus in uno,” indicating in any way that application of the maxim was called for in the case, and the court was not called upon to give any charge on the subject. See State v. Cancienne, 50 La. Ann. 1324, 24 South. 321; State v. Watkins, 106 La. 380, 31 South. 10; and State v. Washington, 107 La. 303, 31 South. 638.
The proposition advanced in the special charge which defendant requested the court to give to the jury, that, if a man, though in no danger of serious harm, through fear, alarm, or cowardice, kill another under the impression that great bodily harm was about to be inflicted upon him, it is neither murder nor manslaughter, but self-defense, although it might appear afterwards that he was mis *159 taken in this impression, is so manifestly not the law as not to require citation of authorities so declaring. Counsel for the state refer, however, to State v. Bradley, 6 La. Ann. 554; State v. Brette, 6 La. Ann. 653; State v. Swift, 14 La. Ann. 827; State v. King, 22 La. Ann. 454; State v. Cooper, 32 La. Ann. 1084; Horrigan & Thompson’s Cases of Self-Defense, pp. 136, 286, 290, 564; Shippey’s Case, 10 Minn. 223 (Gil. 178), 88 Am. Dec. 70; Schemer’s Case, 23 Ill. 17; Maher’s Case, 24 Ill. 241; Keener Case, 18 Ga. 194, 63 Am. Dec. 269; Teal v. State, 22 Ga. 75-84, 68 Am. Dec. 482; People v. Stonecifer, 6 Cal. 407.
We find no error in the judgment appealed from, and it is hereby affirmed.