(47 South. 687.)

No. 17,174.

## STATE v. LINDSAY.

(Nov. 16, 1908. Rehearing Denied Dec. 14, 1908.)

HOMICIDE (§ 169*)—AGGRESSOR — EVIDENCE — ADMISSIBILITY.

Accused and decedent had had a difficulty, and the former, armed with a pistol, ordered the latter out of the house. Accused remained in the house, though decedent challenged him to come out and settle the matter. About half an hour later accused, armed with a pistol, walked out on the gallery, where decedent was. A scuffle between the parties ensued, and decedent was shot. *Held,* that statements made by decedent after accused had ordered him out of the house, and prior to the fatal difficulty, to the effect that he was going to wait until accused came out, were admissible to show who was the aggressor in the fatal conflict.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 349; Dec. Dig. § 169.*].

Breaux, C. J., dissenting.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Philip Sidney Pugh, Judge.

George W. Lindsay was convicted of manslaughter, and he appeals. Reversed and remanded.

Shelby Taylor and Percy Thompson Ogden, for appellant. Walter Guion, Atty. Gen., and William Campbell, Dist. Atty. (Ruffin Golson Pleasant, of counsel), for the State.

PROVOSTY, J. The judgment against defendant sentences him to five years in the penitentiary for manslaughter.

The wife of the defendant kept a boarding house, at which the deceased and several other young men boarded. Defendant came home with a pistol in his hand, and ordered deceased out of the house, and deceased challenged defendant to come out and settle the matter. The parties had had a difficulty, but how long ago is not shown. The defendant remained in the house. The deceased went no further than the gallery. A witness saw him there, and asked him, "What was the matter?" and he answered: "Me and Doc. Lindsay [meaning defendant] is going to have it. He told me to go out of his house." The witness said to him: "Kennie, go on and go to bed." And he answered: "I am going to wait until he [meaning defendant] comes out." The defendant, about half an hour after he had ordered the deceased out, walked out on the gallery, still having the pistol in his hand. Immediately the parties came together. There was a short scuffle. Two shots were fired (during the scuffle, as we understand), with the result that the deceased was killed. The deceased was unarmed. The record does not show whether the defendant when he walked out knew that the deceased was on the gallery. No one saw the beginning of the conflict.

The said statements of the deceased were held by the court to be uncommunicated threats, and, as such, inadmissible.

This was error. It was not as threats that the said statements were offered to be proved, but as a circumstance tending to show who had been the aggressor in the conflict. State v. Williams, 40 La. Ann. 168, 3 South. 629; Wharton, Crim. Ev. (9th Ed.) § 757.

Judgment set aside, and case remanded for trial.

BREAUX, C. J. I dissent.