When a defendant on trial for murder or manslaughter pleads that he did the killing in self-defense, the only question for the jury to decide is: Who was the aggressor in the fatal difficulty? On that question of fact alone depends the defendant's guilt or innocence. Therefore, when the question has been put at issue, as to who was the aggressor in the fatal difficulty, when any evidence at all has been introduced to show that the deceased was the aggressor, proof of previous threats on the part of the deceased is admissible to prove, as far as it may tend to prove, that the deceased was the aggressor in the fatal difficulty. In fact, proof of previous threats on the part of the deceased is never admissible for any other purpose than to prove, as far as it may tend to prove, that the deceased was the aggressor in the fatal difficulty. The question of sufficiency or effect of such evidence is, of course, a matter for the jury to determine. Proof of previous threats made by either party to a fatal difficulty is always relevant to the issue as to which one of them was the aggressor in the difficulty.
The rule which has been applied in this case, i.e., that proof of previous threats on the part of the deceased is not admissible to prove, as far as it may tend to prove, that the deceased was the aggressor, until the defendant has proven, aliunde, and to the satisfaction of the judge, that the deceased was the aggressor, is a paradox. It is a denial of *Page 693 
due process of law, for it is a begging of the question to which the evidence is relevant.
The ruling in this case, stated substantially, is that proof of previous threats on the part of the deceased was not admissible to prove, as far as it might tend to prove, that the deceased was the aggressor in the fatal difficulty, because the judge believed from the other evidence in the case, that the deceased was not the aggressor in the fatal difficulty. Such a ruling is a denial of justice. It means that evidence of previous threats, which is conceded to be relevant to the issue before the jury, is not admissible until the defendant has proven, to the satisfaction of the judge, that he, the defendant, is entitled to an acquittal, and therefore does not need the evidence of the previous threats. The defendant in such case (pardon the banal comparison) is like the lad who was forbidden to go in swimming until he learned how to swim. "It is a trite but true observation," says Fielding, "that examples work more forcibly on the mind than precepts." So, here is the example: The question before the jury is whether the defendant acted in self-defense. If he proves to the judge's satisfaction that he did act in self-defense, there is then no need for evidence of previous threats on the part of the deceased, because the judge must set aside the verdict if the jury convicts. In such case only, when the proof of previous threats is of no use whatever, is the proof admissible. On the other hand, if the defendant fails to prove, to the judge's satisfaction, that he acted in self-defense, and if, therefore, he needs the proof of previous threats to tip the scale in his favor, the evidence is not admissible. Such a rule is an anomaly, a paradox, a denial of justice, a denial of due process of law — a violation of the Fourteenth Amendment of the Constitution of the United States.
I realize that this court has heretofore several times, as pointed out in the majority opinion in this case, applied the anomalous *Page 694 
rule invoked in this case. I have dissented from every such decision rendered since I have been on the bench. The first case in which the court went wrong on the proposition was State v. Ford, 37 La. Ann. 461, where the court emphasized the difference between evidence of an overt act, or hostile demonstration, and proof of the overt act, or hostile demonstration. That decision, however, was expressly overruled in State v. Kellogg,104 La. 580, 29 So. 285, by Chief Justice Monroe, viz:
 "It is true that in the case of State v. Ford, 37 La. Ann. 443, the jurisdiction, which, as we have seen, is vested in the trial judge with respect to collateral facts, was held to extend to facts bearing upon the question of guilt or innocence, and that precedent has been followed in later cases. A careful reconsideration of the subject has, however, led to the conclusion that our fundamental law requires that, where it becomes necessary to determine the question of existence vel non of any fact bearing upon the guilt or innocence of the accused in a criminal case, such question should be submitted to the jury, provided there is any evidence tending to establish such fact."
There are many other decisions, which have never been overruled, maintaining that evidence of previous threats on the part of the deceased is admissible whenever the question as to who was the aggressor in the fatal difficulty is put at issue by the introduction of any evidence tending to prove that the deceased was the aggressor, viz.: State v. Cooper, 32 La. Ann. 1085; State v. Ricks, 32 La. Ann. 1100; State v. McNeely, 34 La. Ann. 1022; State v. Williams, 40 La. Ann. 168, 3 So. 629; State v. Cancienne, 50 La. Ann. 847, 24 So. 134; State v. Robinson, 52 La. Ann. 616, 27 So. 124; State v. Stockett, 115 La. 743, 39 So. 1000; State v. Rideau, 116 La. 245, 40 So. 691; State v. Lindsay,122 La. 375, 47 So. 687; State v. Barksdale, 122 La. 788, 48 So. 264; State v. Pairs, 145 La. 443, 82 So. 407. In the latter case, which was decided in 1919, and has not been overruled, it was said: *Page 695 
 "The question whether the defendant or the deceased was the aggressor in the fatal difficulty is a question of fact; and, under the plea of self-defense, as in this case, it is the only question of fact upon which depends the guilt or innocence of the party accused.
"By article 85 of the Constitution, the jurisdiction of this court, in criminal cases, is confined to questions of law. That does not mean that we shall not decide questions of fact on which the trial judge has based a ruling, and which do not pertain to the question of guilt or innocence of the party accused. The Legislature has, by Act No. 113 of 1896, provided a method of bringing up for our consideration the evidence on such questions of fact; and, though that statute is now 23 years old and has been considered and interpreted in our decisions more than 30 times, it has never been considered violative of article 85 of the Constitution, or of article 179, which provides that the jury shall be the judges of the facts pertaining to the question of guilt or innocence, in criminal cases.
"For the district judge to withhold from the jurors, and decide for them, a question of fact on which depends the guilt or innocence of the defendant in a criminal case, is a violation of article 179 of the Constitution. And for the Supreme Court to decide such a question is a violation of article 85 of the Constitution. Inasmuch as proof of previous threats on the part of the deceased is not admissible for any other purpose than to show who was the aggressor in the fatal difficulty, when that question is in doubt, it is a begging of the question to say that proof of such threats is not admissible until the defendant has proven affirmatively that the deceased was the aggressor, and that he (defendant) acted in self-defense. The effect of such ruling would be to deprive the defendant of the benefit of proof of previous threats on the part of the deceased, in any and every case where self-defense is pleaded in justification of a homicide. The defendant in such case, after proving affirmatively that he was justified under the law of self-defense, would have no need of the proof of previous threats on the part of the deceased.
"Rice on Evidence (Criminal) vol. 3, p. 575, § 362, in the chapter entitled `Evidence of Self-Defense,' states the doctrine thus:
"`Threats of violence by the deceased against the accused, though not communicated to the latter, are admissible as evidence where there is any doubt as to who began the encounter. They tend to show that it was the intention of the deceased at the time of the meeting to attack the accused, and hence tend to prove that *Page 696 
the former brought on the conflict, and are relevant evidence. If all the evidence is to the effect that the defendant was the aggressor, it is not admissible.'
"To the same effect is Wharton's Crim. Ev. (10th Ed.) vol. 2, § 912. There being some confusion in the jurisprudence of this court, a review of the decisions on the subject would serve no useful purpose.
 "Our conclusion is that the district judge was in error in excluding the evidence of previous threats on the part of the deceased, under the circumstances of this case."
The declaration in State v. Benoit, 144 La. 276, 80 So. 329, that the ruling there made was in accord with "the uniform jurisprudence in this state" reads like irony to any one at all familiar with the jurisprudence on the subject. The reason why this jurisprudence is so staggering is that the question will never be settled until it is settled right — by our overruling the decisions which have approved the heresy.
The excerpt quoted from State v. Sandiford, 149 La. 933, 90 So. 267, in the majority opinion in the present case, contains a palpable error. It is said: "Mere evidence of threats, as distinguished from proof thereof, is insufficient." What the author of the opinion meant to say was that mere evidence of a hostile demonstration, or an overt act, as distinguished from proof thereof, was insufficient to warrant the introduction of evidence of previous threats on the part of the deceased. That is what was said, first, in State v. Ford, 37 La. Ann. 461, which was overruled in State v. Kellogg, 104 La. 580, 29 So. 285.
Even now, we adhere unanimously to the doctrine, which cannot be gainsaid, that self-defense is not a special plea, and that the defendant, pleading self-defense, in a prosecution for murder or manslaughter, does not bear the burden of proof that he acted in self-defense for the burden remains upon the state to prove that the homicide was committed feloniously, and not in self-defense. See State v. Ardoin (by Chief Justice Breaux) *Page 697 128 La. 14, 54 So. 407, Ann. Cas. 1912C, 45; State v. Varnado (by Chief Justice Provosty) 128 La. 883, 55 So. 562; State v. Herring (by Chief Justice Monroe) 131 La. 972, 60 So. 634; State v. Johnson (by Justice Land) 149 La. 927, 90 So. 258; State v. Scarborough (by Justice Overton) 152 La. 677, 94 So. 204; State v. Vial (by Justice Land) 153 La. 883, 96 So. 796; State v. Linden (by the present Chief Justice) 154 La. 66, 97 So. 299; and State v. Conda (by Justice Rogers) 156 La. 679, 101 So. 19.
In the case last cited it was said, quoting nearly all of the decisions listed above:
 "Self-defense is not a special plea. It is involved in the general issue tendered by the plea of not guilty. The burden is not upon the accused to prove that he acted in self-defense. It is upon the state to prove beyond a reasonable doubt that the killing was done feloniously, and therefore not in self-defense."
It is not possible to reconcile that doctrine, which is universally approved, with the ruling in the present case that the burden was upon the defendant to prove, by a preponderance of evidence, and to the judge's satisfaction, that he acted in self-defense.
The paramount objection to the ruling in this case, though, aside from its being paradoxical, is that it violates the provisions of the Constitution, adopting the fundamental and universal rule, that the jury alone has jurisdiction to decide questions of fact on which depends the question of guilt or innocence of the defendant in a criminal prosecution. Section 9 of article 19 of the Constitution (which was article 179 of the Constitution of 1898 and of 1913) declares that the jury alone has jurisdiction "of the facts on the question of guilt or innocence." And the last paragraph of section 10 of article 7 of the Constitution (which was article 85 of the Constitution of 1898 and of 1913) declares that the jurisdiction of the Supreme Court "shall also extend to criminal cases on questions of law alone." The question as to who *Page 698 
was the aggressor in the fatal difficulty in this case was not only a question of fact relating to the defendant's guilt or innocence, but it was the only question on which depended the defendant's guilt or innocence. It was therefore the province of the jury alone to decide that question. It matters not what the district judge thought or what we may think of the circumstantial evidence against the testimony of the defendant himself. He was a competent witness, according to Act 157 of 1916, p. 379, and he had the right to corroborate his testimony by proof of previous threats made by the deceased.