95 So.2d 301

**STATE of Louisiana**

**v.**

**Lil KENNEDY.**

No. 43317.

April 1, 1957.

Rehearing Denied May 6, 1957.

Joel B. Dickinson, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair

Favrot, Dist. Atty., Scallan E. Walsh, First Asst. Dist. Atty., Baton Rouge, for appellee.

SIMON, Justice.

Lil Kennedy was indicted, tried and convicted for the murder of McKinley Robinson and sentenced to life imprisonment at hard labor. She has appealed to this Court from said conviction and sentence and relies on three bills of exception for the annulment thereof.

Bill of Exception No. 1 was reserved to the ruling by the trial court on the motion to quash the indictment and the general venire. It is contended that the Jury Commission of the Parish of East Baton Rouge was illegally constituted and its action therefore null and void on the ground that one of the acting members of the Jury Commission, Saint George Hines, was not a resident of the Parish of East Baton Rouge, having moved to the Parish of Pointe Coupee approximately eight years prior to the selection by the said Jury Commission of the general venire from which was drawn the Grand Jury which indicted and charged the accused with murder, and from which was also drawn the Petit Jury for the week of October 22, 1956 before whom the defendant was tried and convicted. Defendant argues that, the Jury Commission being thus illegally constituted, its actions and the action taken by the Grand Jury and the Petit Jury were illegal, null and void and that therefore the indictment upon which this prosecution was based should be quashed and the accused discharged.

■ Trial of this motion was had pertaining to the qualifications of Mr. Hines as a member of the Jury Commission. An examination of the evidence reveals that Mr. Hines has been a member of the Jury Commission of East Baton Rouge Parish for approximately twenty-five years; that he had been a registered voter of said Parish since 1901; that upon his recent remarriage he resided with his second wife in her home in Pointe Coupee Parish being semi-retired from business; that he operates a laundry located in the City of Baton Rouge, Parish of East Baton Rouge; that he owns in indivision with his children of his first marriage a rooming house located in said City and Parish wherein a room is reserved by him for personal use as his residence. He testified that it was never his intention to change his legal domicile from East Baton Rouge Parish to Pointe Coupee Parish and, further, that he had never participated in an election in the latter Parish, but has always been a registered voter in the former. Irrespective of this evidence it is unnecessary to determine whether Mr. Hines changed his legal domicile from the Parish of East Baton Rouge to the Parish of Pointe Coupee for even if Mr. Hines had legally established a new domicile in the Parish of Pointe Coupee he is and was at the time of the drawing of the Grand and Petit Juries in

this case a de facto member of the Jury Commission of the Parish of East Baton Rouge and his acts as such are valid, if not otherwise illegal

■ We have consistently held that where a jury commissioner is duly appointed and has qualified by taking the oath prescribed by law and is in actual possession of the office under color of right he is a jury commissioner de facto if not de jure, and the title to his office and his acts as such officer can not be collaterally inquired into. His acts as such are recognized as valid if they are not otherwise illegal. State v. Ferray, 22 La.Ann. 423; State v. Smith, 153 La. 577, 96 So. 127; State v. Mitchell, 153 La. 585, 96 So. 130; State v. Phillips, 164 La. 597, 114 So. 171; State v. Foster, 164 La. 813, 114 So. 696; State v. Cullens, 168 La. 976, 123 So. 645; State v. Broussard, 202 La. 458, 12 So.2d 218.

In the case of State v. Moreau, 153 La. 671, 96 So. 527, we said:

"Because an officer has committed some act, which in law operates as a forfeiture of his office, but who nevertheless remains in possession thereof, does not render his acts invalid in so far as third persons and the public are concerned. Those acts are valid, if otherwise legal, as the acts of an officer de facto."

We affirm the holding of the trial court was correct in overruling the motion to quash the indictment and the general venire and find no merit in Bill of Exception No. 1.

Bill of Exception No. 2 was reserved to the ruling of the trial judge in admitting in evidence the written confession of the accused. It is noted that when this objection was made and the bill reserved to the ruling thereon the objection was stated to be that the confession was not free and voluntary and for the reason that the officers in whose presence the confession was given were armed at the time it was made. However, the formal bill submitted to the trial judge for his signature reveals the objection to be not primarily based upon its free and voluntary nature as legally required, but upon the grounds (1) that the officer did not record everything the accused said, and (2) that the officers in whose presence the confession was made had guns on their persons.

In his brief counsel for defendant urges the additional objection that even in its alleged incomplete form, although it admits the fatal stabbing of the deceased, it justifies and vindicates her conduct and therefore cannot be considered a confession of guilt but rather an exculpatory statement.

■ It is axiomatic that before a confession may be introduced in evidence it must affirmatively appear that it was freely and voluntarily given and not made under the influence of fear, duress, intimidation, menaces, threats, inducement or promises. State v. Richard, 223 La. 674, 66 So.2d 589;

State v. Palmer, 227 La. 691, 80 So.2d 374. However, the question of its admissibility is for the judge alone, its effect for the jury. State v. Cook, 215 La. 163, 39 So.2d 898.

An analysis of the record convinces us that the State has successfully shown that the confession here involved was freely and voluntarily made and its acceptance duly preceded by a full compliance with all legal requirements.

The contention that the officer who received the confession of the defendant did not record everything which was said by her is clearly untenable. The said officer positively testified that he wrote the confession of the defendant as it was recited to him. It appears that this confession was not obtained by questions and answers, but by the defendant being asked to state what had happened. After the confession had been signed by the defendant she was asked whether the deceased had been armed with any weapon. In order to incorporate her negative answer thereto it appears that a postscript was written to said confession and was signed by her. Prior to the signing of said confession the entire document was read to her, she not knowing how to read and write. On the other hand, there is no evidence which would show the failure on the part of the officer receiving the confession to have written all that was said by this defendant relative and pertinent to the homicide.

It is well recognized that a confession to be held admissible need not contain a full and exact recital of every word uttered by the defendant. In oral confessions it is likewise unnecessary that the officer repeat verbatim all that the accused said. All that the law requires is that the substance of the recital be reduced to writing and that it not be fragmentary portions thereof.

In State v. Desroches, 48 La.Ann. 428, 19 So. 250, we held that in order that a confession may be proven it is not necessary to repeat the exact words of the accused. It is enough if the substance of the confession is given. State v. Kellogg, 104 La. 580, 29 So. 285; State v. Allen, 111 La. 154, 158, 35 So. 495; State v. Gianfala, 113 La. 463, 470, 37 So. 30; State v. Jugger, 217 La. 687, 47 So.2d 46.

The second complaint that the officers who received the confession of the defendant were armed raises the implication that it was obtained through duress or intimidation. We find no merit therein. In State v. Holmes, 205 La. 730, 18 So.2d 40, we held that the fact that a deputy sheriff to whom the defendant made a confession was armed at the time it was made, as was another officer present, does not render it inadmissible unless there be affirmative proof showing that threats or other forms of intimidation were made against the defendant. In the instant case,

there is not a scintilla of evidence which would indicate the existence of such a fact.

There is no merit in Bill of Exception No. 2.

■ Bill of Exception No. 3 was reserved to the ruling of the trial court on defendant's motion for a new trial wherein she contends that the verdict of guilt is unsupported by any evidence which tends to show that the defendant is guilty of the crime of murder but that the evidence conclusively shows that she acted in self-defense.

The contention is no more than a plea that the evidence was insufficient to convict the defendant, an assignment of error that is unavailing in this case. State v. Matassa, 222 La. 363, 62 So.2d 609; State v. Di Vincenti, 225 La. 689, 73 So.2d 806; State v. Palmer, supra.

■ This Court cannot rule upon the sufficiency of the evidence in a criminal case where there is some evidence adduced, no matter how little, upon which a verdict can be predicated, and the question of its sufficiency is exclusively one for determination by the jury. State v. Davis, 208 La. 954, 23 So.2d 801; State v. Mattio, 212 La. 284, 31 So.2d 801; State v. Matassa, supra.

Bill of Exception No. 2 is without merit.

Accordingly, for the reasons assigned, the conviction and sentence are affirmed.