## No. 14,219.

### STATE OF LOUISIANA VS. WILL SMITH.

#### SYLLABUS

1. Where the objections urged by a defendant in a criminal case are of a character such as to require the taking of a bill of exceptions, this bill must make such a statement of the facts and circumstances connected with the matter complained of as will show error. Error will not be presumed.
2. Mere belief on the part of one of the jury which tried an accused person that the verdict found would leave the sentence under it to a certain extent under the control of the district judge, and not carry with it necessarily a sentence of death, furnishes no legal ground for reversing the verdict. Considerations of that character must be addressed to the Board of Pardons.

APPEAL from the Eighteenth Judicial District, Parish of Acadia. *DeBaillon, J.*

*Walter Guion,* Attorney General, and *William Campbell,* District Attorney (*Lewis Guion,* of counsel), for Plaintiff, Appellee.

*J. E. Barry, W. R. Percy,* and *J. L. McCain,* for Defendant, Appellant.

## STATEMENT OF THE CASE.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant having been sentenced to be hung, under and by virtue of the verdict of a jury finding him guilty of murder, has appealed. We find in the record a motion for a new trial, the ruling of the court refusing the same, and a bill of exceptions taken to said refusal.

The motion for a new trial was based upon the following grounds:

Firstly—That the verdict was contrary to the law and the evidence, in that the evidence adduced showed no malice aforethought and no intent to commit the act previous to its commission, also that it showed the deceased to be the assailant at the time of the homicide or shooting; that the accused had at the time actually and constructively withdrawn from the difficulty.

Secondly—That the counsel for accused reserved three bills of exception to rulings of the court, during the progress of the trial, namely, to the admission of evidence intended to show a confession on the part of the accused, while under restraint; *secondly,* to the admission of questions of the State's attorney to the accused on cross-examination, seeking to show a previous difficulty between accused and deceased.

Thirdly—To the admission of evidence in rebuttal of a previous difficulty between accused and deceased when accused had denied any previous difficulty, and when the State had shown a previous difficulty on the examination in chief before the defense's witnesses had testified, and that in none of the bills, or at the time of the taking of same, did the court order the clerk to take down the evidence admitted by the court; that by reason of the failure of the court to order, and the clerk to take down, said evidence, the accused was without legal evidence upon which to take said bills of exception to the Supreme Court, and that the only way to right the oversight is to grant accused a new trial.

Fourthly—Because the meaning of the verdict was misconceived by one or more of the jury; that one Zach Lee, one of the jury that found defendant "guilty as charged in the indictment," wanted to find a lighter verdict than the one carrying the death sentence; that he was convinced and thought that the judge could and would exercise a right and privilege to give the accused a lighter sentence than death; that since he had discovered the court had no such privilege, he is

opposed to the infliction of the death penalty in this case, believing that accused is entitled to a lighter sentence.

Attached to this application is the affidavit of Zach Lee to the effect that he was a member of the jury which found accused "guilty as charged in the indictment," of the crime of murder; that he did not wish to convict the accused of the offense he was charged with so as to carry the death penalty, but thought that, under the verdict, the judge could and would sentence the accused to imprisonment and not death.

The motion being overruled, a bill of exception was taken to the ruling, to which bill the application for a new trial was annexed. In this bill the judge assigns as reasons for his refusal of the motion that the only bill of exception of those reserved, which was tendered to him for signature, was that which he was then signing; that had they been tendered to him he would have signed them, and counsel was so informed; that there could and would have been no disagreement between counsel and the court on those bills. A bill was reserved to the confession of the accused because made when under restraint. That was the fact. There was no pretense that the confession was not free and voluntary. The other testimony complained of was admitted because legal and competent and nowise objectionable.

## OPINION.

When the objections urged by defendant in a criminal case are of a character such as to require the taking of a bill of exceptions, the bill must make such a statement of the facts and circumstances connected with the matters complained of as will show error. Error will not be presumed. State vs. Tierney, 40 Ann. 525. No error has been shown in the case before us. The verdict of a jury and the judgment of a court, based upon the same, will not be reversed and a new trial ordered by reason of an affidavit of one of the jurors, before whom the case was tried, to the effect that he misconceived the meaning of the verdict and its effect; that he did not wish to convict the defendant in manner such as would make the conviction carry necessarily the death penalty; that he thought the judge could and would sentence the defendant to imprisonment.

The proper tribunal to which matters of that character are to be addressed is the Board of Pardons. We have no alternative but to affirm the judgment appealed from.

It is hereby affirmed.