(67 South. 925)

No. 20984.

STATE v. FULCO.

In re MABRY, Dist. Atty.

(Feb. 23, 1915. Rehearing Denied March 22, 1915.)

*(Syllabus by the Court.)*

CRIMINAL LAW ⬤982—SUSPENSION OF SENTENCE—POWER OF JUDGE.

Under Act No. 74 of 1914, authorizing the judge to suspend a sentence for the commission of a misdemeanor by a person who has never before been convicted of a felony or misdemeanor, the judge may suspend the sentence of a person who was convicted of a misdemeanor before the passage of the act.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2500, 2501; Dec. Dig. ⬤982.]

Sam Fulco was convicted of retailing intoxicating liquors without a license, and, an order having been made suspending sentence and paroling defendant, W. A. Mabry, District Attorney, applies for writs of certiorari, prohibition, and mandamus. Relator's proceedings dismissed.

See, also, ante, p. 627, 67 South. 521.

R. G. Pleasant, Atty. Gen., W. A. Mabry Dist. Atty., and C. B. Prothro, Asst. Dist. Atty., both of Shreveport, and G. A. Gondran, Asst. Atty. Gen., for relator. L. C. Blanchard, of Shreveport, City Judge, pro se.

O'NIELL, J. The defendant was convicted of retailing intoxicating liquors without a license, and, on the 2d of March, 1914, was sentenced by the judge of the city court of Shreveport to pay a fine of $500 and costs and be imprisoned for six months, and, in default of the payment of the fine and costs, to be imprisoned for an additional term of six months.

On the 13th of September, 1914, the judge of the city court, after hearing evidence, and under authority of Act No. 74 of 1914, suspended the sentence and ordered the defendant paroled.

The district attorney has applied to this court for writs of prohibition and mandamus, to compel the judge of the city court to revoke his order suspending sentence and paroling the defendant.

Section 7 of Act No. 74 of 1914 provides:

"That when there is a conviction of a misdemeanor in any court in this state, the judge may suspend sentence if he shall find that the defendant has never before been convicted of any felony or misdemeanor. The court shall permit testimony as to the general reputation of the defendant and as to whether the defendant has been convicted of a misdemeanor or felony, but such testimony shall be submitted only upon the request of the defendant."

The judge shows in his return that the defendant is more than 65 years of age, had never before been convicted of a felony or misdemeanor, and the evidence heard warranted the suspension of the sentence.

The only reason urged why the judge should not have suspended the sentence is that the statute authorizing it was enacted after the conviction. We find no merit in this contention. The statute was not given a retroactive effect. The section conferring the authority to suspend a sentence imposed for a misdemeanor does not relate to the conviction or sentence, but to the suspension of the sentence.

The relator's proceedings are therefore dismissed.