or, in other words, failed to meet the payments due.

The judgment heretofore handed down by this court, and from which a rehearing was granted, is therefore reinstated, and made the final judgment of this court.

---

(68 South. 847)

No. 21203.

STATE v. SERIO et al.

(May 24, 1915. Rehearing Denied June 12, 1915.)

*(Syllabus by the Court.)*

1. CRIMINAL LAW ⚖=936—NEW TRIAL—SURPRISE.

Surprise affords the accused no ground for a new trial, when no complaint was made or relief asked at the time the ground of surprise arose.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2299–2305; Dec. Dig. ⚖= 936.]

2. CRIMINAL LAW ⚖=942—NEW TRIAL—NEWLY DISCOVERED IMPEACHING EVIDENCE.

Newly discovered evidence impeaching the reputation for truth and veracity of a leading state witness furnishes no ground for a new trial.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2316, 2331, 2332; Dec. Dig. ⚖=942.]

O'Niell, J., dissenting.

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

Sam Serio and others were convicted of selling intoxicating liquors without a license, and appeal. Affirmed.

Murff & Roberts, of Shreveport, for appellants. Ruffin G. Pleasant, Atty. Gen., W. A. Mabry, Dist. Atty., of Shreveport (G. A. Gondran, of New Orleans, of counsel), for the State.

LAND, J. The three defendants were prosecuted, tried, convicted, and sentenced for the offense of selling intoxicating liquors without a license in the prohibition parish of Caddo. Defendants have appealed, and rely for reversal on a bill of exceptions taken to the action of the judge in overruling their motion for a new trial.

[1, 2] The grounds for the motion were, in substance, that the reputation of the prosecuting witness, Robert Thompson, a negro boy, for truth and veracity, was so bad that no court would be justified in believing him; that such bad reputation was shown by the affidavits of five reputable citizens annexed to the motion; that the defendants had no opportunity to investigate the character and standing of the said witness for truth and veracity before he was called to the stand, for the reason that the name of the witness did not appear upon the bill of information, or had been made known to the defendants in any manner, and they did not know that the said Robert Thompson would be a witness against them until he was called to the stand.

The per curiam reads as follows:

"In overruling the motion for a new trial the court stated that, if the case depended on the testimony of Thompson alone, a new trial would have been granted; but it did not. Mr. North, a gentleman of undoubted integrity, corroborated Thompson in everything except the actual sale. The defendants even denied that they had sold Thompson anything or had waited on him.

"Inasmuch as the Supreme Court does not pass upon facts, we do not comment on the facts set forth here, except to say that they are in the main correct, although some are left out. Suffice it to say that even the worst of liars can tell the truth at times, and it made no difference what Thompson's reputation was; the other evidence in this case showed that he was telling the truth here."

It appears from the statement of facts in the bill that the district attorney, at the request of Messrs. North and Douglas, merchants and farmers residing near Dixie, a small town in Caddo parish, sent Robert Thompson to them to serve as a detective, and they employed him in that capacity at $3.50 per day and expenses; that Thompson was sent out to look up "bootleggers," and two nights later reported to North and Douglas that he thought he could buy whisky from

the defendants, and requested them to search him to see if he had whisky on him; that the two gentlemen made the search, but found no whisky on Thompson; that they watched him go into defendant's place of business, where there were 15 to 25 negroes standing around and trading in the store; that Mr. North saw Thompson go up to the counter, and saw two of the defendants behind the counter near him, but could not see what he was buying; that after standing in the store about 20 minutes Thompson came out and went back to the railroad in the dark, Mr. North following him at a short distance, and then both of the gentlemen searched Thompson, and found on him a small flat antiseptic bottle of whisky.

Thompson testified that the defendants sold him a drink of whisky for 25 cents, a part of which he managed to put in an antiseptic bottle which he had purchased a few minutes before from the defendants, and had emptied so as to serve as a receptacle for a portion of the whisky he was about to purchase. Among other things, Thompson testified that, although he had never seen the defendants before, and was a stranger, they told him that they got their whisky in crates shipped as "Bologna Sausage," and took him over to the depot and showed him how it came, and he saw them take it over to the store.

The three defendants, white men, absolutely denied all these facts, and several citizens testified that the defendants had conducted themselves as good, law-abiding citizens ever since they had been in Dixie, for a year or more, and they never saw anything to indicate that they were selling whisky.

The express agent testified that, while whisky had been shipped to various other parties, none had been shipped to the defendants, who were running a fruit and grocery store, unless it was shipped as other goods, and that he saw nothing to make him think that such was the case.

This court, in State v. Fahey, 35 La. Ann. 12, said:

"The avowed object of the defendant in moving for a new trial was to introduce newly discovered evidence against the veracity and character of the leading state witness, Riley, one of the very objects for which, under established criminal jurisprudence, a new trial should not be granted. Waterman's U. S. Criminal Digest, pp. 458, 459, §§ 196, 207, 208, and cases there noted; Archbold Cr. Prac., etc., pp. 649 to 653."

The same doctrine was reaffirmed in State v. Diskin, 35 La. Ann. 48, and in State v. Williams, 38 La. Ann. 361, and in State v. Young, 107 La. 621, 31 South. 993.

There is no good reason why the instant case should be made an exception to the general rule. Defendants, after hearing the testimony of Thompson, and presumably realizing its vital materiality, did not plead surprise and ask delay for the purpose of producing evidence to impeach the witness. Surprise affords the accused no ground for a new trial, when no complaint was made, or relief asked, at the time the ground for surprise arose. Marr's La. Crim. Jur. § 483, p. 837.

Judgment affirmed.

O'NIELL, J., dissents.