O’NIELL, J.
The appellants were convicted of the offense of selling intoxicating liquor without a license, and each was sen: teneed to pay a fine and serve a term of imprisonment. On appeal, the verdict and sentence were affirmed. See State v. Serio et al., 137 La. 517, 68 South. 847.
When the decree became final, the defendants filed a petition in the district court, alleging that their general reputation was good, and that they had never before been convicted of any felony or misdemeanor, and praying that, on proof of these allegations, the sentence imposed upon each of them be suspended, according to the provisions of section 7 of Act No. 74 of 1914, viz.:
“That when there is a conviction of a misdemeanor in any court in this state, the judge may suspend sentence if he shall find that the defendant has never before been convicted of any felony or misdemeanor. The court shall permit testimony as to the general reputation of the defendant and as to whether the defendant has been convicted of a misdemeanor or felony but such testimony shall be submitted only upon the request of the defendant: Provided further that if sentence is suspended neither the verdict of conviction nor the judgment entered thereon shall become final except under the conditions and in the manner and at the time provided for by section 4 of this act.”
Section 4 of the statute provides that if, pending the suspension of a sentence for the commission of a felony, the defendant should be convicted of another felony, the court shall pronounce sentence on the original judgment of conviction and cumulate the punishment with that imposed for the subsequent conviction.
The district attorney filed what he called a demurrer to the defendants’ motion or application for a suspension of sentence, pleading that the defendants were estopped and precluded from asking that the 'case be reopened, by their failure to offer evidence of their good reputation during the trial. Treating the district attorney’s opposition as a demurrer, the district court rendered a judgment sustaining it; and the defendants have appealed from the ruling.
The contention made by the district attorney in this case was urged by him in an application for writs of certiorari, prohibition, and mandamus in the case of the State v. Fulco, 136 La. 843, 67 South. 925. In that case the trial judge had heard evidence and granted the application for the suspension of a sentence that had been imposed before the Act No. 74 of 1914 was enacted. We found then that the judge had not given the statute a retroactive effect, because its provision for suspending a sentence did not relate to the conviction nor the sentence, but to the suspension of the sentence.
The learned trial judge, in his written opinion, says that he fails to grasp the soundness of the opinion rendered in Fuleo’s Case, because the only difference between the authority for suspending a sentence for a felony and the authority for suspending a sentence for a misdemeanor is that, in the case of a conviction of a-felony, the judge can act only on the recommendation of the jury, and, in the case of a conviction of a misdemeanor, the judge acts on his own authority. His honor could not have hit upon a better reason for the soundness of the opinion rendered in Fulco’s Case than the reason which he has assigned for his failure to *681 grasp the soundness of it. The Legislature has wisely provided that, as a person accused of a felony cannot be tried by the judge without a jury, his sentence shall not be suspended without the recommendation of the jury. But, as the judge’s authority to suspend a sentence imposed for a misdemeanor is absolute, there is no good reason why he should not be permitted to consider an application for a suspension of sentence after conviction, and hear evidence as to whether the defendant had ever before been convicted and as to his general reputation.
The proviso, that, if a sentence be suspended, the verdict of conviction and judgment entered thereon shall not become final, .except under the conditions provided in section 4 of the statute, implies that a judgment or sentence shall be entered on the verdict of conviction before or at the time the sentence is suspended. The provision that the judgment or sentence shall not become final, except on a subsequent conviction, means that the penalty shall not be exacted except on a subsequent conviction. It does not mean that the verdict and sentence shall not be final in the sense of preventing an appeal from it if the sentence be pronounced. The final clause in section 4 of this statute is that, in such case, no new trial shall be granted in the first conviction. We do not assume that the Legislature intended that, in order to have the benefit of this statute, a person on trial for a misdemeanor should, before conviction, surrender his right to apply for a new trial and give the judge authority to take away his right of appeal by suspending the sentence.
The learned trial judge says in his reasons for judgment that, if the court can, after cqnviction, hear evidence that there was no previous conviction and that the general reputation of the convicted person is good, “the courts will be swamped with applications.” We imagine that such a calamity can be averted by the judge’s announcing whether he will or will not suspend sentence on proof of the good reputation of the person convicted and of the fact that he had never before been convicted of any crime or misdemeanor. The applicant has not an absolute right to a suspension of sentence, even on proof of the facts on which the statute says the court may suspend the sentence.
We would perhaps have no authority to interfere with the exercise of his discretion, if the learned judge had considered the application for a suspension of sentence and had denied the relief, even though the defendants were men of good reputation and had never before been convicted of any crime or misdemeanor. But, as the learned judge sustained the state’s demurrer to the petition on the ground that he had no authority to consider it, his ruling must be reversed in order that he may at least consider the defendants’ application.
Eor the reasons assigned, the judgment appealed from is annulled and set aside, and it: is ordered that this case be remanded to the-district court, in order that the judge shall hear and consider the defendants’ application for a suspension of sentence.
MONROE, O. J., dissents.