MONROE, C. J.
Defendant was convicted of retailing intoxicating liquor without having previously obtained a license, and, after conviction, but before sentence, he moved the court to allow him to introduce testimony to show that he had never before been convicted of any offense; his purpose being to bring himself within the provisions of Act No. 74 of 1914, p. 191, entitled:
“An act to provide for the suspension of sentence in misdemeanor convictions and in certain cases of conviction of felony for first offenses,” etc.
The motion was dismissed and a bill was reserved, which presents the only question that is brought up by the appeal.
Section 7, Act No. 74 of 1914 (page 192) reads in part as follows:
“Be it further enacted, etc., That, when there is a conviction of a misdemeanor in any court in this state, the judge may suspend sentence if he shall find that the defendant has never before been convicted of any felony or misdemeanor. The court shall permit testimony as to the general reputation of the defendant and as to whether the defendant has been convicted of a misdemeanor or felony, but such testimony shall be submitted only upon the request of the defendant.”
The same section has been considered by this court in the cases of State v. Fulco, 136 La. 843, 67 South. 925, and State v. Serio et al., 138 La. 678, 70 South. 609, and it was held in those cases that it was an error for the trial court to refuse to hear testimony such as that referred to in the bill now under consideration, even after sentence had been pronounced. In the instant case, the testimony was offered before sentence, and there seems to be little room for doubt that the offer, as thus made, was within the contemplation of , the law which defendant invokes.
It is therefore ordered that the sentence appealed from be set aside and that defendant be permitted to introduce evidence to show that he has not heretofore been convicted of any felony or misdemeanor.