146 So. 29

## STATE v. WILLIAMS.

### No. 32117.

### Jan. 3, 1933.

Rehearing Denied Jan. 30, 1933.

Pegues & Pegues, of Mansfield, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., and A. B. Cavanaugh, Dist. Atty., of Leesville (James

O'Niell, Sp. Asst. to Atty. Gen., of counsel), for the State.

BRUNOT, J.

The accused was indicted and tried for the crime of murder. The jury returned a verdict finding the accused guilty of manslaughter, and he was sentenced to a term, in the State Penitentiary, at hard labor, for not less than two nor more than three years, subject to commutation for good behavior. The defendant appealed from the verdict and sentence and the record contains three bills of exception.

### Bill No. 1.

This bill was reserved to the overruling of a motion for a continuance. It is not necessary to consider it because counsel for the defendant on page 5 of their brief say:

"We, as counsel for the defendant, do not feel that the first bill of exception herein has merit and therefore respectfully abandon same."

### Bill No. 2.

This bill grew out of the following incident: While Reuben Taylor, a witness for the defendant, was on cross-examination, counsel for the defendant requested the court to permit the jury to view the automobile in which the accused and the witness were seated at the time the fatal shot was fired. The court granted the request, and the court, court officials, jury, and counsel walked to the automobile, which was parked about sixty yards from the courtroom. Upon the return of the court and jury to the courtroom, counsel for defendant requested the court to permit him to produce testimony, by the defendant, that

he did not accompany the court and jury to view the automobile and that testimony was there taken out of his presence. The court granted the request, and it is shown that, with the consent of the district attorney and counsel for the defendant, the witness Reuben Taylor seated himself in the car and gave testimony to the jury as to the position of himself and the defendant, in the car, at the time the fatal shot was fired and as to the running board on which the body of the deceased fell.

We note here that the defendant did not request the court to discharge the jury and order the entry of a mistrial, but he took his chances on an acquittal by the jury.

As we understand this bill, counsel consented to what was done and said by the witness while the car was being viewed by the court and jury. Their objection and bill are based solely upon the fact that the defendant was not present at that time, and, therefore, the ruling objected to violates section 9, art. 1, of the Constitution 1921, and article 365, Code Cr. Proc.

Section 9, art. 1, of the Constitution is, in part, as follows:

"The accused in every instance shall have the *right* to be confronted with the witnesses against him." (Italics by the court.)

Article 365, Code Cr. Proc., omits the words "in every instance," but otherwise the verbiage is the same as the quotation from the Constitution.

We have italicized the word *right*, in the quotation from the Constitution, to emphasize the fact that a *right*, whether guaranteed by the Constitution or granted by statute, may be exercised or waived at the option of the grantee; the right being personal to him. Where the grantee voluntarily creates such a situation, as this record discloses, and thereafter takes his chances on a favorable jury verdict, without first attempting to have the jury discharged and a mistrial of the case entered, he cannot thereafter complain. The facts upon which this bill is based are detailed in the judge's per curiam to the bill. We quote the per curiam:

"It was at the request of counsel for the defendant that the jury be allowed to go outside of the Court room and see the car. The defendant was out under bond before and during the trial and since. I thought he was present when the jury, Court and counsel all went to view the car, there was nothing to keep him from going he was sitting with his counsel when all parties went out to view the car. After reaching the car the witness who gave the testimony was an eye witness for the accused and in order that he explain the positions of the deceased and that of the defendant, the District Attorney and the Attorneys for the accused were asked if they had any objections to the witness being asked questions and it was agreed that there was no objections. There was no objections made then and there as alleged in the bill above, the objections were made after the Court, jury and counsel for both sides had returned to the Court room. The evidence was certainly favorable to the defendant, if he was injured by not being present it was his fault. I thought he was present until the objections were made after returning to the Court room. The rights guaranteed to a defendant to be confronted with his or other witnesses has been complied with. He certainly could have

gone, if he was requested not to go out there it was not done in Court."

In the case of State v. Frazier, 165 La. 758, 116 So. 176, quoting from the syllabus, it is said:

"Where, in a prosecution for murder, the defendant chose to remain in the courtroom while the judge and jury and attorneys on both sides, together with a witness, went outside to examine certain bullet holes in an automobile, defendant was not deprived of his right to be confronted with the witnesses against him, guaranteed by Const. art. 1, § 9."

In the body of the opinion it is said:

"The defendant was not deprived of that right in this instance. If he had seen fit to go with the judge and jury and examine the bullet holes in the automobile, the privilege would not have been denied him; but it was also his privilege to remain in the courtroom, as he did, during that brief interval. The constitutional right of an accused person to be confronted with the witnesses against him is not so sacramental that it may not be waived," etc.

### Bill No. 3.

This bill was reserved to the overruling of a motion for a new trial. The grounds alleged in the motion for a new trial relate, in their entirety, to the tender of testimony offered for the purpose of attacking the credibility or impeaching the testimony of witnesses who testified during the trial before the jury. The grounds upon which the motion is based are not grounds for a new trial. Code Cr. Proc. art. 511; 2 La. Digest, Criminal Law, p. 682; State v. Silva, 118 La. 660, 43 So. 269; State v. Serio, 137 La. 517, 68 So. 847; State v. Bates, 140 La. 833, 74 So. 165; State v. Caldwell, 154 La. 103, 97 So. 330.

For the reasons assigned the verdict and sentence are affirmed.