HAWTHORNE, Justice.
 

 Defendant, Edwin Richard, has appealed from his conviction under LSA-R.S. 14:78 of the crime of unlawfully cohabiting arid having sexual intercourse with his sister, Lorena Richard, aged 14, and his sentence to serve 12 years at hard labor in. the state penitentiary.
 

 Appellant contends that the lower court erred, first, in admitting a written confession, made by him in the district attorney’s office, over his objection that the alleged confession was not freely and voluntarily given, and, second, in overruling his motion for a new trial.
 

 It is well settled in the law of this state that, before a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducement, or promises. We have read all the testimony adduced of the circumstances and facts relating to the giving of the confession, and we have concluded that the State affirmatively showed that the confession was not made under the' influence of fear, duress, intimidation, menaces, or threats. We shall now consider whether the confession was made under the influence of inducement or promise.
 

 While the State was laying the foundation for the admission of the confession, one of the deputy sheriffs testified that the accused told him that he thought the best thing for him to do was to confess to the whole thing and that he wanted to make a confession to the district attorney, whereupon he, the deputy sheriff, stated to the accused: “If you are guilty it might be easier on you, but don’t confess anything you are not guilty of.”
 

 It is contended that this statement constituted an inducement or promise calculated to induce a confession by the defendant. The test in such cases, as stated by this court in State v. Ross, 212 La. 405, 31 So.2d 842, 847, is: “Was the induce
 
 *679
 
 ment of a nature calculated, under the circumstances, to induce a confession, irrespective of its truth or falsity?’” The inducement here was not of that nature because it contained a warning to the accused not to confess anything of which he was not guilty.
 

 As stated in State v. Ross, supra, it is well settled that a confession will not be excluded where there is a mere exhortation or adjuration to speak the truth, but, where such exhortation or adjuration is accompanied by an expression that it would be better for the accused to tell the truth, the admissibility of a confession so induced has been the subject of many conflicting decisions throughout this country. In that case this court was careful to point out that, if all the deputy sheriff had said to the accused was “the best thing to do is to tell the' truth”, under the circumstances the confession made at that time would have been admissible.
 

 In the instant case the deputy sheriff told the accused, “If you are guilty it might be easier on you”, but these words, standing alone, are not sufficient to exclude the confession from evidence, as they could be no more than an exhortation or adjuration to speak the truth. Further, we must consider the statement as a whole. The remainder of the statement, in which the accused was advised not- to confess anything of which he was not guilty, clearly would not induce a confession irrespective of its truth or falsity. We are therefore of the opinion that the trial judge properly admitted in evidence the written confession of the defendant.
 

 During the trial the State called as one of its witnesses the prosecuting witness, Lorena Richard. When this witness showed herself hostile and unwilling and gave testimony exonerating the accused of any improper relations with her, the State was permitted to cross-examine. her with reference to a prior written statement she had given the district attorney in which she stated that the accused, her brother, had had sexual relations with her, as charged in the bill of indictment. After this juvenile had completed her testimony, the judge instructed the sheriff to place her in his office away from all other witnesses and not to permit her to come in contact with any other witnesses, as all witnesses in the case had been sequestered. The court recessed for supper, and, when it reconvened, the State again called this witness to the stand, and at this time she gave testimony against the accused. The trial judge tells us that, when the witness was placed on the stand on this occasion, she gave her reasons for having previously testified contrary to her written statement, and the testimony of the sheriff, taken in support of the motion for a new trial, discloses that she told him that her testimony upon her first examination which exonerated her brother was given pursuant to her brother’s request.
 

 In his motion for a new trial defendant alleges that, during the recess of the court
 
 *681
 
 and before this witness was recalled to the stand by the State, she was incarcerated in the parish jail; that this incarceration of a witness of tender years amounted to intimidation and duress which led her to the conclusion that she must change her testimony or remain in jail; that all of these circumstances were unknown to counsel for the defense until after the conclusion of the trial.
 

 In support of these allegations appellant called as a witness only the sheriff, who admitted that during the recess of the court he took the witness to the parish jail, gave her supper, and thereafter placed her in a cell so that she would not commingle or become associated with the adult prisoners incarcerated in the jail. According to him, she then informed him that, if he would request the judge to let her go, she would tell the truth, and that her brother had asked her to testify contrary to her previous written statement in which she had incriminated him. Under these circumstances she was again placed on the stand and this time gave testimony against the accused.
 

 Appellant argues that the jury should have been made acquainted with these facts, which were unknown to him during the trial, so as to give the proper weight to the credibility of the witness, and that accordingly he is entitled to a new trial. Counsel, however, overlooks the fact that, when this witness was recalled to the stand, the jury heard her give her reasons for changing her testimony. Moreover, counsel offered no proof whatsoever that the incarceration of this witness caused her to change her testimony. The sheriff was the only witness called during the trial of the motion, and the witness herself was not called. This record contains no evidence whatsoever that the action of the sheriff in placing her in the parish jail caused her to change her testimony.
 

 We see no reason why counsel for the defendant by the exercise of reasonable diligence could not have discovered and ascertained the facts relating to her incarceration that he now urges by cross-examination of this witness when she was recalled to the stand by the State. See Art. 512, La.Code of Crim.Proc., LSA-R.S. 15:512.
 

 Further, the newly discovered evidence urged as a basis for a new trial would merely impugn the credibility of a witness who testified during the trial before the jury, and it is well settled that such evidence does not entitle an accused to a new trial. State v. Williams, 176 La. 481, 146 So. 29; Art. 511, La.Code of Crim.Proc., LSA-R.S. 15:511.
 

 For the reasons assigned, the conviction and sentence are affirmed.