PONDER, Justice.
The defendants were convicted of gambling and sentenced to each pay a fine of $350 or in default thereof to serve seven months in the Parish Prison. They have appealed.
Counsel for the defendants is urging three bills of exceptions taken during the trial of the case, wherein he contends that *18 the trial judge committed reversible error in his rulings. The first bill of exception was taken to the ruling of the trial court permitting a witness to answer the following question propounded by counsel for the state, over the objection of counsel for the defendants, viz.: “When you arrived in New Orleans on the 14th of January, did you play cards at the Gem Club ?”
Counsel did not state the specific grounds upon which the objection was urged at the time it was made but merely stated that “the information alleged that the offense was committed on January 17, 1953 and not on January 14.” The trial judge in his per curiam states that he admitted the testimony to show that the gambling was intentionally conducted as a business. The testimony is relevant for the purpose of showing the continuity of thé offense, system, guilty knowledge and criminal intent. LSA-R.S. 15:445 and 15:446.
Bill of exception No. 2 presents the same question. The witness was permitted to answer the question, “Did you play for chips or play for cash?” in referring to what took place on January 14th. The counsel for the defendants’ objection is identical to the objection he urged in bill of exception No. 1 and our answer to that bill of exception is sufficient to dispose of this question.
Counsel for the defendants contends on this appeal that the testimony complained of in the foregoing bills was not admissible because the corpus delicti had not been proven. This question was not raised in the lower court at the time the bills were taken. There is no testimony attached to' or made part of the bills relating to this issue and were we to conclude that counsel’s pronouncement of law was correct, we are in no position to say that the corpus delicti was not proven;
The last bill of exception relied on by defendants’ counsel was taken to the overruling of a motion for a new trial. No evidence was annexed to or incorporated in this bill of exception and there is no error patent on the face of the record. Therefore, it presents nothing for review.
For the reasons assigned, the conviction and sentence are affirmed.