78 So.2d 835

STATE of Louisiana

v.

Louis HILLIARD.

No. 42069.

Feb. 14, 1955.

Earl J. Amedee, New Orleans, for appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Leon D. Hubert, Jr., Dist. Atty., Morey L. Sear, Asst. Dist. Atty., New Orleans, for appellee.

SIMON, Justice.

Having been charged in an information with theft, in violation of LSA–R.S. 14:67, in that he took property (a wrist watch) valued at $79, the defendant, Louis Hilliard, was tried before a jury on June 18, 1954, and found guilty, sentence being deferred to June 24, 1954. On that day counsel representing Hilliard moved for a new trial, but the motion, after a hearing, was denied.

On this same day (June 24, 1954) the accused was charged under LSA–R.S. 15:529.1 as a multiple felonious offender in a second bill of information which contains allegations of three convictions for felonies prior to the present conviction, which constituted the fourth. To this bill the accused, on arraignment, pleaded not guilty, this plea, on July 21, 1954, being withdrawn and, in lieu thereof, a plea of guilty as a quadruple felonious offender entered. Immediately thereafter Hilliard was sentenced to imprisonment in the Louisiana State Penitentiary at hard labor for a term of 20 years.

He prosecutes this appeal, relying for the reversal of his conviction and sentence on two bills of exceptions timely reserved and perfected.

Bill of Exceptions No. 1 was reserved to the ruling of the trial judge admitting in evidence oral confessions of the accused, which confessions, the accused contends, were not freely and voluntarily made. In his per curiam to this bill the trial judge states:

"I am of the opinion that the evidence adduced with reference to the defendant's confessions showed beyond any reasonable doubt that they were made freely and voluntarily. * * * I believe that my admission of the confessions is supported by State v. Richard, 223 La. 674 (66 So.2d 589) * * *."

■ In disposing of an identical bill in the Richard case, this court restated our fundamental law regarding the admissibility of confessions in the following language [223 La. 674, 66 So.2d 590]:

"It is well settled in the law of this state that, before a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducement, or promises."

■ It is also well settled that " 'The question of the admissibility of a confession is for the judge, its effect for the jury' * * * and 'whether a sufficient basis was laid for the admission of an alleged voluntary confession is a question of fact upon which the ruling of the trial judge will not be disturbed unless clearly against the preponderance of the evidence.' " State v. Cook, 215 La. 163, 39 So.2d 898, 901, and the authorities therein cited.

■ We have carefully examined the testimony of the witnesses concerning the facts and circumstances attending the making and receiving of the confessions here involved, which evidence the trial judge attached to his per curiam, and we find that they were freely and voluntarily made and their admission duly preceded by a full compliance with all required proof.

■■ Though one of the examining officers is said to have told the accused "it would be better for him to confess," we do not think such a statement was made to induce, intimidate, or influence a confession. The test in such cases, as laid down by this court in State v. Ross, 212 La. 405, 31 So.2d 842, 847, is " ' "Was the inducement of a nature calculated, under the circumstances, to induce a confession, irrespective of its truth or falsity?" ' " Applying this test to the facts in the Richard case, this court further explained: " * * * it is well settled that a confession will not be excluded where there is a mere exhortation or adjuration to speak the truth, but, where such exhortation or adjuration is accompanied by an expression that it would be better for the accused to tell the truth, the admissibility of a confession so induced has been the

subject of many conflicting decisions throughout this country. In that case (State v. Ross) this court was careful to point out that, if all the deputy sheriff had said to the accused was 'the best thing to do is to tell the truth', under the circumstances the confession made at that time would have been admissible." 223 La. at page ·679, 66 So.2d at page 591.

In the instant case, Officer Soule, the examining officer, testified he told the accused he "would feel better if he owned up to committing the crime" because at the time the accused "looked like he was downcast about it, feeling bad about something."

We are of the opinion that such a statement would not affect or destroy the voluntary nature of the confessions, and that the trial judge properly admitted them in evidence.

 Bill of Exceptions No. 2 is levelled at the ruling of the trial judge denying the defendant's motion for a new trial. This motion, other than a reiteration of the complaint with respect to the erroneous admission of the oral confessions (just disposed of), is based on the assertion that the verdict of the jury is contrary to the law and the evidence, and particularly at the failure of the state to offer evidence to prove the theft of the wrist watch which, on the morning of the trial, was worn in the courtroom by the prosecuting witness.

This motion amounts to no more than a plea that the evidence was insufficient to convict the defendant, an assignment of error that is unavailing in this court.

 In State v. Matassa, 222 La. 363, 62 So.2d 609, 614, this court said: "It is elementary that in criminal cases this court cannot pass upon the sufficiency of the evidence. Where some evidence has been adduced upon which a verdict of guilty can be predicated (no matter how little), the question of its sufficiency is exclusively for the jury's determination." This holding was given further approval in the very recent case of State v. Di Vincenti, 225 La. 689, 73 So.2d 806.

For the reasons assigned, the conviction and sentence are affirmed.