85 So.2d 497

**STATE of Louisiana**

v.

**Robert WALKER.**

No. 42592.

Jan. 16, 1956.

W. T. McCain, Colfax, C. D. Moss, Winnfield, for defendant-appellant.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., Sam L. Wells, Dist.

Atty., Colfax, Harry Fuller, Associate Counsel, Winnfield, for appellee.

SIMON, Justice.

The defendant, Robert Walker, was charged with the crime of attempt to commit aggravated rape and was convicted of the lesser crime of attempt to commit simple rape and sentenced to 7 years' confinement in the state penitentiary. During the course of the trial he reserved 10 bills of exception, relying thereon for reversal of his conviction and sentence.

In oral argument counsel for the defendant announced to the court that he abandoned and waived all bills of exception previously reserved by him, save and except Bill of Exception No. 7, which was taken to the trial court's ruling admitting in evidence the oral and written confessions of the defendant over the objection of defendant's counsel contending that said confessions were not shown to have been freely and voluntarily made.

In his per curiam the trial judge states that "When the State began to lay the basis for the introduction of these confessions, the jury was retired and the Court heard the detailed testimony out of the presence of the jury. Sheriff J. W. Smith and Deputy Sheriff Joe Morgan, of Grant Parish, Deputy Sheriff C. W. O'Quinn of Rapides Parish, Lt. C. E. Wagoner of the Louisiana State Police and Mr. and Mrs. Wade Ellis all testified as to all circumstances surrounding the giving of these confessions, both oral and written. The evidence established beyond any possible doubt that the confessions were free and voluntary and were not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA–R.S. 15:451. At the conclusion of the foundation laid by the State, the defense was asked whether it wished to offer any testimony, which offer was declined. The defense did state that it reserved the right to offer testimony before the jury but declined to contradict or traverse the testimony of the officers and Mr. and Mrs. Ellis out of the presence of the jury and before the admissibility of the confession was passed upon by the trial Judge. The Court thereupon ruled that the admissibility of the confessions under LSA–R.S. 15:451 had been affirmatively proven.

"The Court feels that the admissibility of the confessions was proved beyond any question but especially so in the absence of any proof to the contrary by the defendant, at any time during the trial."

The law governing the admissibility of confessions is well settled and has been emphatically expressed in the recent case of State v. Palmer, 227 La. 691, 80 So.2d 374, wherein we disposed of an identical bill and stated the well settled law in this state that before a confession can be introduced in evidence it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats,

inducements, or promises. State v. Richard, 223 La. 674, 66 So.2d 589; LSA–R.S. 15:451, 15:452 and Art. 1, § 11 of the Louisiana Constitution of 1921, LSA.

■ In the case of State **v.** Cook, 215 La. 163, 39 So.2d 898, 901, upon reviewing many authorities we said:

" 'The question of the admissibility of a confession is for the judge, its effect for the jury', * * * and 'whether a sufficient basis was laid for the admission of an alleged voluntary confession is a question of fact upon which the ruling of the trial judge will not be disturbed unless clearly against the preponderance of the evidence', * * *."

In support of appellant's Bill of Exception No. 7 it is contended that because the defendant is but 20 years of age, suffering some degree of mental deficiency, alleged repeated interrogation by investigating officers over alleged long periods of time was such as to provoke undue influence and emotional strain upon the defendant's mind, thereby inducing his written and oral confessions. It is not contended that the defendant was subjected at any time to any duress, intimidation, menaces, threats, inducements or promises, force or violence, orally made or physically demonstrated.

Defendant cites the cases of State v. Robinson, 215 La. 974, 41 So.2d 848, and State v. Crittenden, 214 La. 81, 36 So.2d 645, as sustaining his contention.

Both cases cited are clearly inapposite. The rules announced therein are sound legal principles, affirming our long line of jurisprudence on the subject matter, but are applicable to factual situations altogether different from the one presented here.

In the Robinson case, defendant was but 16 years of age and mentally immature. Two officers visited him, and after lengthy questioning told defendant that he had better confess to them because they had him in the palm of their hands. The defendant remained silent. Upon departing, the officers menacingly threatened that they would return shortly, telling the defendant to expect the worst. One hour later defendant confessed to the jailer, who was not present when the confession was first sought by the two officers. Though it is impossible to measure the effect of such a declaration upon one's mind, we held that such declarations were veiled threats and a coercive bidding, calculated, under such circumstances, to induce a confession as a result of the fear instilled in the mind of defendant, rendering it inadmissible.

In the Crittenden case the defendant was subjected to repeated cross-examinations accompanied by harsh treatment over a period of three days, with the additional inducement of a promise of a lighter penalty. We held his confession made under such circumstances to be inadmissible.

■ The factual situation here presented is entirely different from that which ap-

pears in the Robinson and Crittenden cases. An analysis of the evidence presented out of the presence of the jury to determine the admissibility of the alleged confession, convinces us that the oral and written confessions of the defendant were freely and voluntarily made by him and, therefore, admissible. There is not a scintilla of evidence from which we can even infer any degree of influence or fear, duress, intimidation, menaces, threats, harsh treatment, inducements or promises, physical or moral, made by those who received these confessions, and who were examined exhaustively under direct and cross-examinations regarding the facts and circumstances surrounding the giving of these confessions by the defendant.

It appears that all persons who were present at the time these written and oral confessions were made by the defendant were called by the state and testified as aforestated. We search in vain for any testimony offered by the defense to contradict or impeach the truthfulness of the testimony so given as to the free and voluntary nature of the confession. It is apparent that the interrogation preceding the giving of these confessions was conducted in the manner of ordinary conversation, with courteous questions and answers and with full consideration given to the defendant's physical and mental comforts during the period of his interrogation, which was at no time excessive or harsh.

We find no evidence in the record which would arouse the slightest suspicion as to the alleged mental incapacity of this defendant. On the contrary, it appears that before trial, at the request of the district attorney, the trial court appointed two medical experts to inquire into the sanity of the defendant. The report of this commission shows that the defendant "is presently sane, is able to understand the proceedings against him and to assist in his defense". The record does not show any attack or complaint made by the defendant against the correctness of this report.

We conclude that the oral and written confessions made by the defendant and offered in evidence were freely and voluntarily made, and that Bill of Exception No. 7 is without merit.

For the reasons assigned, the conviction and sentence are affirmed.

FOURNET, C. J., absent.