SIMON, Justice.
 

 Sam Domino was charged in a bill of information with having violated LSA-R.S. 14:90 relative to gambling in that on May 28, 1957 he operated a race horse betting book at a place other than within the track or other enclosure where said horse races took place. He was found guilty as
 
 *955
 
 charged and sentenced to pay a fine of $350 and to serve a year in the Parish Prison. The mandatory jail sentence was conditionally suspended. Nine bills of exception were reserved during the course of the trial and form the basis of this appeal.
 

 The record discloses that on May 28, 1957, at or about 3 o’clock p. m. eight police officers of the New Orleans Police Department conducted a raid at 5355 St. Charles Avenue, the residence of the defendant. On being admitted therein the officers exhibited a search warrant to defendant and proceeded to search the apartment. Records of race horse bets, daily racing forms and sports bulletins were found, and in due course these documents were offered and admitted in evidence. At the scene of the raid the defendant purportedly made inculpatory statements in the presence of the officers to the effect that he was a “lay-off man” receiving a 2% commission on all bets accepted. He identified the records of bets and explained the meaning of the notations thereon. During the course of the raid the officers answered telephone calls. During the trial the purported inculpatory statements, the exhibits or documents, and the substance and tenor of the telephone calls were testified to by the arresting officers, all of which forms the basis of the several bills reserved.
 

 Bill of Exception No. 1 was reserved to the admission over objections of an inculpatory statement made by the defendant at the time of his arrest. Upon the testimony of the arresting officers as to the free and voluntary nature of the statement, the trial court ruled it admissible,
 

 It is well settled in the jurisprudence of this State that admission involving the existence of criminal intent or inculpatory facts are governed by the rules applicable to confessions. State v. Hayes, 162 La. 310, 110 So. 486; State v. Crittenden, 214 La. 81, 36 So.2d 645; State v. Robinson, 215 La. 974, 41 So.2d 848; State v. Clark, 228 La. 899, 84 So.2d 452; and State v. Palmer, 232 La. 468, 94 So.2d 439. Before a confession can be introduced in evidence, it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. State v. Richard, 223 La. 674, 66 So.2d 589; State v. Hilliard, 227 La. 208, 78 So.2d 835; LSA-R.S. 15:451.
 

 The question of the admissibility of a confession is for the judge, its effect for the jury, and whether a sufficient basis was laid for the admission of an alleged voluntary confession is a.question of fact upon which the ruling of the trial judge will not be disturbed unless clearly against the preponderance of the evidence. See State v. Cook, 215 La. 163, 39 So.2d 898; State v. Hilliard, supra.
 

 We have carefully examined the testimony of the witnesses attending the
 
 *957
 
 making and receiving of the inculpatorystatement here involved and we find that it was freely and voluntarily made and its admission duly preceded by a full compliance with all legally required proof.
 

 In his brief counsel for the accused contends that the inculpatory statements were inadmissible for the reason that they consisted of only isolated words of the defendant, and that under LSA-R.S. 15 :450 such declarations must be used in their entirety. LSA-R.S. 15:450 provides :
 

 “Every confession, admission or declaration sought to be used against any one must be used in its entirety, so that the person to be affected thereby may have the benefit of any exculpation or explanation that the whole statement may afford.”
 

 It is well recognized that once the free and voluntary nature of the confession or inculpatory statements has been established to the satisfaction of the trial judge its admissibility in evidence will not be disturbed on appeal unless clearly unsupported by the evidence. State v. Walker,
 
 229
 
 La. 229, 85 So.2d 497. In the absence of proof to the contrary, the fact that the purported statement of the accused as testified to by the arresting officers does not incorporate all or is not a verbatim reiteration of all of the conversation had among them and the accused does not violate the rights of the accused as preserved by LSA-R.S. 15:450. All that the law requires is that the substance of the confession or statement be given. State v. Desroches, 48 La.Ann. 428, 19 So. 250; State v. Kennedy, 232 La. 755, 95 So.2d 301.
 

 The per curiam of the trial court informs us that when the accused ultimately testified on his own behalf he did not rebut or deny that the testimony of the arresting officers that his inculpatory statements were freely and voluntarily made.
 

 In his brief counsel for the defendant contends that the entire first interrogation period and for an undeterminate time thereafter appellant was not allowed to “put on his pants” and that he was deprived of this freedom to clothe himself and was exposed to the sight of his daughter who had become hysterical during the raid. LSA-Const.1921, Art. 1, Sec. 11 provides in part that:
 

 “ * * * No person under arrest shall be subjected to any treatment designed by effect on body or mind to compel confession of crime; nor shall any confession used against any person accused of crime unless freely and voluntarily made.”
 

 We conclude that not only was this statement freely and voluntarily made but
 
 *959
 
 we fail to find any merit to defendant’s contention that he was subjected to any treatment whatsoever .calculated to influence the mind of defendant and thus extract from him an inculpatory statement.
 

 Bill of Exception No. 2 was reserved to the testimony, admitted over objection, of one of the arresting officers as to the tenor and substance of certain telephone calls which were received at the scene of the arrest. Defendant contends that such testimony is hearsay and therefore not admissible. In disposing of the merits of a similar bill in the case of State v. Di Vincenti, 232 La. 13, 93 So.2d 676, involving a prosecution for gambling, we held that the testimony of one of the arresting officers with respect to the tenor and substance of telephone calls coming into the raided establishment, after the arrest, even though constituting hearsay, was admissible as testimony related to a matter constituting a part of the res gestae and therefore was relevant and admissible for the purpose of connecting the defendant with the gambling operation and in proving the element of criminal intent. In that case we cited Vol. 1, page 624, Sections 279, etc. of Wharton on Criminal Evidence; State v. Schmidt, 163 La. 512, 112 So. 400; State v. Bradford, 164 La. 423, 114 So. 83; State v. Dale, 200 La. 19, 7 So.2d 371; State v. Walker, 204 La. 523, 15 So.2d 874; 20 Am.Jur. 558, Section 667; and 1 Conrad’s Modern Trial Evidence 303, Sections 391, etc.
 

 Bill of Exception No. 3 was reserved when the trial judge over the- defendant’s objection admitted certain sheets of paper with various bets listed thereon. The basis of the objection was the alleged failure of the State to connect said exhibits with the offense charged. These exhibits or sheets of paper with various bets listed thereon are shown to have been found in the bedroom of defendant’s apartment by the officers who conducted the raid. Some were found under the defendant’s bed, some secreted under the bed clothing and others were found crumpled in a waste basket in the adjoining bathroom. All were initialed by the officers and subsequently identified in their respective testimonies. The defendant identified them and he testified that all of the bets shown thereon were in his handwriting. He contended however that the notations shown thereon were his own private and personal gambling bets. Thus it is obvious that the exhibits were clearly connected with the defendant and were properly admitted in evidence for the purpose of showing that the alleged gambling activities of defendant were carried on as a business in violation of LSA-R.S. 14:90.
 

 
 *961
 
 Bill of Exception No. 4 was reserved after the predicate had been laid for the inculpatory statement made by the defendant to the arresting officers with reference to and the explanation of certain coded notations of bets made at various out of state race tracks then in operation.
 

 The grounds urged in support of this bill are the same as those presented to us in Bill of Exception No. 1 and hence any further inquiry into its merits are unnecessary.
 

 Bill of Exception No. 5 was reserved to the refusal of the trial court to grant a motion for a directed verdict. The merits of this bill are not subject to review by this Court. In the case of State v. Crovetto, 229 La. 793, 86 So.2d 907, 908, we said:
 

 “The refusal to grant a directed verdict is something that we cannot review. Article 402.1 of the Code of Criminal Procedure, R.S. 15:402.1, which gives the accused in a criminal prosecution the right to move for a directed verdict after the evidence on either side is closed, also provides that ‘The judgment of the court in refusing to grant such motion by the defendant shall not be subject to review by any appellate court’.”
 

 While defendant was under cross-examination the State asked: “At Jamaica that day, does the third race on the 28th day of May * * Objection was made on the ground that counsel for the State was assuming that the sheet of paper exhibited to the defendant in connection with the question had been connected to May 28, 1957, and that this was an assumption of a fact not established or proven. It is observed that the date that counsel for the State inquired of was the date on which the defendant was charged to have violated LSA-R.S. 14:90. Furthermore, the defendant voluntarily took the stand and became a witness in his own behalf and as such subjected himself “to all the rules that apply to other witnesses, and may be cross-examined upon the whole case.” LSA-R.S. 15:462. Manifestly, the ruling of the trial judge was proper and Bills of Exception Nos. 6 and 7 reserved thereto are without merit.
 

 Bills of Exception Nos. 8 and 9 were reserved to the overruling of motions for a new trial and in arrest of judgment. In his motion for a new trial defendant relies on three grounds:
 

 (1) that the verdict is contrary to the law and the evidence;
 

 (2) that prejudicial error was committed as shown by the bills of exception reserved by the defendant; and
 

 (3) that the only evidence against defendant was the alleged inculpatory statement which defendant contends was uncorroborated.
 

 
 *963
 
 In his per curiam to Bill of Exception No. 8 the trial judge detailed the evidence upon which the guilt of the defendant was established, which evidence we deem unnecessary to recapitulate here. Suffice it to say that we have on innumerable occasions held that where there is some evidence adduced upon which a verdict of conviction can be predicated we will not interfere with a ruling denying a new trial for such a reason as insufficiency of evidence, for that is a matter with which the trial judge or jury is exclusively concerned. State v. Mattio, 212 La. 284, 31 So.2d 801. Furthermore, we will not view the credibility of witnesses and the weight and sufficiency of evidence, our jurisdiction in criminal cases being restricted to questions of law alone. La.Const.1921, Art. 7, Sec. 10; Art. 19, Sec. 9. Flaving disposed of all bills of exception reserved, we do not find any prejudicial error committed by the trial judge in his rulings.
 

 The motion in arrest of judgment is a reiteration of the matters complained of in the various bills of exception heretofore disposed of and which require no further comment. Finding no substantial defect patent upon the face of the record, the ruling of the trial judge denying the motion in arrest of judgment is approved. LSA-R.S. 15:517.'
 

 Accordingly, for the reasons assigned, the conviction and sentence are affirmed.