SANDERS, Justice.
Defendants appeal from their convictions for armed robbery. They rely upon four bills of exception reserved to rulings of the trial judge.
*276 Defendants were charged with the robbery of Dewell Grimes at the Pel State Service Station located on Highland Road in Baton Rouge on December 8, 1960. After conviction the defendants, Charlie James Nelson and Alexander Coleman, were each sentenced to a term of thirty years in the Louisiana State Penitentiary; and the defendant, James Thomas, Jr., was sentenced to a term of ten years. The court overruled a motion for a new trial. The defendants then appealed to this Court.
Bill of Exception No. 1 was taken to a ruling of the trial judge sustaining the objection of the State to cross-examination of the victim, Grimes, in regard to a prior robbery of which he had been the victim. The defendants contend that the trial judge in so ruling unduly restricted the examination of this important witness to the prejudice of the defendants.
The per curiam of the trial judge correctly resolves the question raised by this bill:
“The testimony sought to be elicited here related to a robbery on Jan. 13 and not to these defendants nor the robbery charged against them.”
The testimony of Grimes concerning the prior robbery was irrelevant and immaterial. We find no merit to the bill.
Bill of Exception No. 2 was reserved after a witness for the State was asked by the district attorney the following question on direct examination:
“Would you know them if you saw them, the ones who came to your house? Don’t be looking in that jury box. They are not in there. Anyway, they came to your house, and what?”
Counsel for the defendants objected on the ground that the State was prompting the witness, and then moved for a mistrial. The court overruled the objection and denied the motion for a mistrial.
The defendants did not brief the bill in this Court. The trial judge stated in his per curiam: “I do not understand the basis of this bill. Nothing was said or done that prompted or led the witness.”
The interrogation is interspersed with extraneous remarks. However, we find no reversible error in the bill.
Bill of Exception No. 3 was reserved to a ruling of the trial judge that a pre-trial statement made by defendant, Thomas, was voluntary and admissible in evidence.
The objection to the admissibility of the statement is set forth in the bill of exception:
“Counsel for the defendant objected to the introduction of said statement on the ground that it was not voluntary and that all of the officers were not called to testify that were admittedly present during the interrogation.”
Despite the broad objection, all of the evidence dealing with the admissibility of the statement was not annexed to the bill of exception. Only the testimony pertaining to the identification of those present during the interrogation was annexed. The annexation provision of the bill recites:
“The questions and testimony with reference to those officers present during the interrogation are attached hereto and made a part hereof.”
This, of course, limits the scope of our inquiry to the State’s failure to call as witnesses others who may have been present during the interrogation.[1]
The law is well settled that, before a confession can be introduced in evidence, *277 it must be affirmatively shown that it was free and voluntary and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises.[2] Further than this, this Court has consistently held that, before what purports to be a confession can be introduced in evidence, it must be shown by proof, which convinces beyond a reasonable doubt, that it was voluntary.[3]
According to the evidence attached to this bill, defendant, Thomas, made a statement to Detective J. D. Paul, which was written down by Detective E. T. Starkey. There is some evidence that Detective Larsen was also present. Thomas had been interrogated before the statement, but the evidence does not disclose the length of the interrogation. Thomas testified that he was beaten by Detective Paul and “about three or four more, another big stout one, blond hair.”
Detectives Paul, Starkey, and Larsen testified. Defendants contend, however, that all of the interrogating officers were not called as witnesses and that this, of itself, makes the foundation for the introduction of the confession legally insufficient. The evidence discloses that the door to the interrogation room was open at all times, and on various occasions other detectives entered and left the room. Detective Larsen testified that six officers were present at one time or another. It is not clear from the testimony whether the other officers actually participated in the interrogation of Thomas. Defendant Nelson testified that only two officers did the interrogating, Detectives Paul and Larsen. While all of their testimony is not before us, the record is sufficient to show that these two officers had ample opportunity to observe the circumstances surrounding the interrogation and, more particularly, whether the statement was wrung from the defendant by physical violence.'
Based upon the testimony of Detectives Paul, Larsen, and Starkey, the trial judge concluded that the State had sustained the burden of proving that the statement was voluntary.
The evidence attached to the bill of exception is not sufficient to show error in this finding. Error will not be presumed.[4]
Defendants rely upon State v. Green, 221 La. 713, 60 So.2d 208, 215. It is inap-posite because of widely different facts and circumstances. In that case the accused was subjected to prolonged interrogation during which he was admittedly struck and intimidated. A day or two later the defendant gave an oral confession to the sheriff, which was followed by a written confession.
To gain admission of the oral and written confessions in evidence, the State produced the sheriff and the amanuensis who transcribed the written confession. These witnesses testified that the confessions were freely given and that the defendant was not subjected to duress or promised anything at the time they were made.
In holding that the State had not discharged its burden of proof, the Court stated:
“But, in the condition in which the record comes to us, it does not appear *278 that the State has shown with any degree of certainty, much less beyond a reasonable doubt, that the treatment accorded defendant during the long hours of questioning did not have causal connection with the confessions. It was incumbent upon the prosecution to produce the available witnesses, who participated in the questioning of defendant for the purpose of obtaining a confession, in order for the court to have all the facts before it. And it was particularly essential that these men be called to the stand for the purpose of rebutting defendant’s testimony (if they could) relative to the treatment he received during the hours of inquisition, which, he says, frightened him and that he was still in a state of fear when he gave the confessions.”
We hold that the bill is without merit.
Bill of Exception No. 4 was reserved to the denial of a motion for a new trial. The ground for this motion is that the verdict of the jury is contrary to the law and the evidence. Specifically, the defendants contend there was no evidence that force or intimidation was used in the taking, an essential element of robbery. Defendants rely upon State v. Dunnington, 157 La. 369, 102 So. 478, and State v. Cortez, 211 La. 669, 30 So.2d 681.
An examination of the record shows that the evidence was not made a part of and attached to this bill. Inasmuch as the evidence is not attached, the bill presents nothing for review.[5]
In reference to this precise question, we stated in State v. Holmes, 224 La. 941, 71 So.2d 335, 337:
“The first ground presents nothing for review because appellant has not attached to his bill of exceptions all of the evidence produced at the trial. It is manifest that we are unable to determine whether all essential elements of the offense were proved in the absence of a complete transcript of the evidence.”
For the reasons assigned, the convictions; and sentences are affirmed.

. See State v. Goodson, 116 La. 388, 40 So. 771; State v. Russell, 167 La. 1010, 120 So. 629. This is also consonant with the original minute entry of the bill of exceptions which reads: “We would like to reserve a bill of exceptions to the ruling of the Court that the statement is admissible on the ground that all of the officers were not called that were admittedly present during the interrogation.”

. LSA-R.S. 15:451; Article I, Section 11 of the LSA-Constitution; State v. Richard, 223 La. 674, 66 So.2d 589; State v. Hilliard, 227 La. 208, 78 So.2d 835; State v. Domino, 234 La. 950, 102 So.2d 227.

. State v. Henry, 196 La. 217, 198 So. 910; State v. Allen, 200 La. 687, 8 So.2d 643; State v. Graffam, 202 La. 869, 13 So.2d 249; State v. Ellis, 207 La. 812, 22 So.2d 181; State v. Ross, 212 La. 405, 31 So.2d 842; State v. Wilson, 214 La. 317, 37 So.2d 804; State v. Robinson, 215 La. 974, 41 So.2d 848; State v. Honeycutt, 216 La. 610, 44 So.2d 313; State v. Joseph, 217 La. 175, 46 So.2d 118; State v. Green, 221 La. 713, 60 So.2d 208; State v. Michel, 225 La. 1040, 74 So.2d 207; State v. Johnson, 229 La. 476, 86 So.2d 108; State v. Saveli, 238 La. 758, 116 So.2d 513; State v. Ferguson, 240 La. 593, 124 So.2d 558.

. State v. Smith, 106 La. 735, 31 So. 132; State v. Todd, 173 La. 23, 136 So. 76.

. LSA-R.S. 15:500; State v. White, 37 La.Ann. 172; State v. Richard, 42 La.Ann. 83, 6 So. 897; State v. James, 106 La. 462, 31 So. 44; State v. Simmons, 118 La. 22, 42 So. 582; State v. Anespacker, 130 La. 717, 58 So. 520; State v. Warthen, 153 La. 260, 95 So. 711; State v. Crumble, 158 La. 495, 104 So. 303; State v. Stewart, 188 La. 546, 177 So. 662; State v. Lecompte, 214 La. 117, 36 So.2d 695; State v. Gaines, 223 La. 711, 66 So.2d 618; State v. Jouvet, 224 La. 15, 68 So.2d 741; State v. Holmes, 224 La. 941, 71 So.2d 335.